CASE 71—PETITION ORDINARY—MAY 3.

# Haldeman, Etc. v. Powers.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. SUPERSEDEAS BONDS—LIABILITY OF SURETY.—The law in exist-ence at the time a supersedeas bond is executed is a part of the bond and composes its terms; and the obligors in such a bond, who undertook to perform any judgment which the superior court of Kentucky might render, or order the lower court to render in a cause, were liable for a judgment rendered by the lower court pursuant to a mandate of the Court of Appeals, to which court the cause was transferred from the Superior Court under a constitutional provision in force when the bond was executed that when the Superior Court should expire all causes pending therein should be transferred to the Court of Appeals.

C. B. SEYMOUR FOR APPELLANTS.

1. The allegation that the defendants, who were only sureties in the supersedeas bond, have not satisfied the same, is insufficient; if the principal therein has satisfied it, the plaintiff has no cause of action against the sureties.

2. The appellants only undertook to satisfy any judgment that the Superior Court might render, or order to be rendered by the in-ferior court; in such obligations the sureties have a right to stand on the strict terms of their contract or undertaking. Brandt on Suretyship and Guaranty, sec. 393; Myers & Ingersoll v. Parker, 6 Ohio State, 501; Sharp v. Beddell, 10 Ill., 89; Nofsinger v. Hartwell, 84 Ky., 549; Brandt on Suretyship and Guaranty, p. 107; Long v. Pike, 27 Ohio State, 498; Kingsberry v. Westfall, 61 N. Y., 356; Miller v. Stewart, 9 Wheaton, 680; Ludlow v. Si-monds, 2 Caines Cases in Error; Am. & Eng. Enc. of Law, vol. 24, 860 and 749; State v. Medary, 17 Ohio State, 565.

F. HAGAN, O'NEAL & PRYOR AND BENNETT H. YOUNG OF COUNSEL ON SAME SIDE.

MATT O'DOHERTY FOR APPELLEE.

1. If the terms of the bond are to be measured by the iron clad rule

Haldeman, etc. v. Powers.

contended for by appellants, the affirmance of the judgment of the lower court by the Superior Court satisfied the conditions of the bond and fixed the liability of the sureties.

2. The statute creating the Superior Court made no provision for superseding the judgments of that court, or the judgments of the Court of Appeals on an appeal therefrom; and the judgment of the Court of Appeals in a case appealed or transferred to it from the Superior Court is self-executing and became, by operation of law, the judgment of the Superior Court.

3. The spirit and meaning of the undertaking of a surety on an appeal bond is that the surety will satisfy the judgment appealed from if affirmed, or perform such judgment as any court having jurisdiction to hear the appeal may render. Mexican R. R. Co. v. Mussette, 86 Texas, 708; Fletcher v. Peak, 10 U. S. (6 Cranch, 136); Green v. Biddle, 21 U. S. (8 Wheaton, 92); Garrison v. N. Y., 88 U. S. (21 Wall., 203); Lobrano v. Nelligan, 76 U. S. (9 Wallace, 296); and 24 Lawyers Reps., Anno.; Baltimore, &c., R. R. Co. v. Nesbitt, 51 U. S. (10 How. 395); Spovner v. Best's Ex'or, 8 Ky. Law Rep., 186.

4. Reynolds, the principal in the bond, got the full benefit of the supersedeas while the case was pending both in the Superior Court and the Court of Appeals, and appellants having secured all the benefits of the bond of their principal, must be held to have assumed all its burdens.

C. B. SEYMOUR, PRYOR, O'NEAL & PRYOR, FRANK HAGAN, SR., AND BENNETT H. YOUNG FOR APPELLEES IN PETITION FOR REHEARING.

1. While the transfer to the Court of Appeals was provided for in the new Constitution, it was nowhere provided in that instrument that sureties on supersedeas bonds should be liable for any judgment, the Court of Appeals might order to be rendered, and there was nothing therein to vary the rule that a surety in a bond, if not bound by the letter of the bond, is not bound at all. Sharp v. Beddell, 10 Ill., 88; Myers & Ingersoll v. Parker, 6 Ohio St., 501; State v. Medary, 17 Ohio St., 565; Brandt on Suretyship and Guaranty, sec. 393; Long v. Pike, 27 Ohio St., 598; Kingsberry v. Westfall, 61 N. Y., 356; Miller v. Stewart, 9 Wheaton, 680; Am. & Eng. Enc. of Law, vol. 24, p. 749.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

By the supersedeas bond sued on in this case, the appellants, as sureties, of one Reynolds, covenant "to and with the appellee, Margaret Powers, that the appellant will pay to the appellee all costs and damages that shall be adjudged against the appellant on the appeal, and also that they will satisfy and perform the said judgment in case it shall be affirmed, and any judgment or order which the superior court of Kentucky may render, or order to be rendered by the inferior court, not exceeding in amount or volume the judgment aforesaid, and also pay all rents, hire or damages, etc."

On that appeal to the superior court, the judgment appealed from and thus superseded was on the 19th of December, 1894, affirmed, but pending a petition for a re-hearing, that court by operation of law became extinct, and all causes pending before it were directed to be transferred to the Court of Appeals and be determined by it. (Section 119, Constitution.)

The case was so tranferred and thereafter by this court the judgment below was reversed to the extent of $158.50, and a judgment was directed to be entered in the lower court for the original judgment less this credit. (Reynolds v. Powers, 17 Ky. Law Rep., 1059.)

It is now contended for the sureties on the supersedeas bond that as the judgment appealed from was not affirmed, nor was any judgment rendered by the superior court, or directed by it to be rendered in the inferior court, the conditions do not exist upon which, by the very terms of their covenant, they were to be liable. This seems to be true

literally. The words of the bond bound the sureties to pay, first, upon an affirmance of the judgment, or, second, upon direction to the inferior court by the superior court to render a judgment.

But it seems to us, as the constitutional provision requiring the transfer and final determination of causes to the Court of Appeals which might be pending in the superior court upon its abolition, was in force when this supersedeas bond was executed, that it must be regarded as part of the contract of suretyship. The undertaking necessarily was to pay any judgment ordered to be rendered by the superior court, or if the cause be pending in that court and undetermined when it becomes extinct, then to pay whatever judgment is ordered to be rendered in the Court of Appeals.

This is not in violation of the rule that the surety is bound only by the terms of his bond because the law in existence at the time of the contract, and with reference to which the parties must be supposed to have contracted, is a part of the bond and composes its terms.

Judgment affirmed.