**HINES, Director General of Railroads, v. WARDEN. (No. 1769.)**

(Court of Civil Appeals of Texas. Amarillo. March 9, 1921.)

**I. Appeal and error ⚖⇒1040(10)—In absence of showing of injury, no reversal for overruling exception to petition for indefinite description.**

Though strictly petition for burning of goods transported by defendant, describing them by groups in general terms and stating value for each group, should have given a better description of them, overruling exceptions thereto based on insufficient particularity of description is, under Supreme Court Rule 62a (149 S. W. x), not reversible error; no injury therefrom being shown.

**2. Carriers ⚖⇒52(2)—Bill of lading not evidence that boxes contained goods put therein when previously delivered to warehouse.**

Shipping receipt and bill of lading issued by carrier, while proving delivery by storage company of boxes to carrier, are insufficient to establish delivery to the carrier of all the goods that were in the boxes when the owner, some time before, delivered them to the storage company for storage; and this notwithstanding notation on the bill of lading that the goods were in apparent good order.

**3. Carriers ⚖⇒132—Shipper to recover for loss must prove goods delivered.**

To recover for goods burned while in the carrier's possession, the shipper must prove what goods were delivered to the carrier.

**4. Carriers ⚖⇒132—No presumption of boxes when delivered to carrier containing goods therein when previously delivered to storage company.**

There is no presumption, in an action for the burning of goods while in the carrier's possession, that the boxes when delivered to the carrier by a storage company contained all the goods that were in them when stored by him some time before with the storage company.

**5. Evidence ⚖⇒208(1)—Statement in answer not admissible as an admission, where it contains general denial.**

Where the answer of a carrier sued for the burning of goods contains a general denial, the statement therein that they arrived in good condition, in the part claiming that any liability was that of warehouseman, and not of carrier, is not admissible as an admission.

**6. Carriers ⚖⇒135—Measure of damages for loss of used household goods stated.**

The measure of damages for loss of household goods by a carrier is their actual or reasonable value at destination at the time they should have been delivered, as distinguished from a fanciful or sentimental value, where the goods are secondhand and have no standard market value.

Appeal from Wichita County Court; J. P. Jones, Judge.

Action by O. J. Warden against Walker D. Hines, Director General of Railroads. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Bullington, Boone, Humphrey & Hoffman and Raymond M. Myers, all of Wichita Falls, for appellants.

T. F. Hunter, of Wichita Falls, for appellee.

HALL, J. Appellee, as plaintiff, sued appellant, Director General of Railroads of the United States, and of the Fort Worth & Denver City Railway Company, to recover the value of certain household goods shipped from Fort Worth to Wichita Falls, and destroyed by fire while in possession of the railway company at destination. The defendant

answered by general demurrer and special exception to the petition, because it failed to set out and describe the several articles alleged to have been lost with sufficient particularity. This is followed by a general denial and special defenses to the effect that the plaintiff below was notified of the arrival of his goods at Wichita Falls and after such notice defendant was liable only as warehouseman, and that the fire which destroyed the freighthouse, together with appellee's goods, was not due to the negligence of appellant. Defendant further alleged that, if he could be held as an insurer of the goods, he was liable only on the basis of $10 per hundredweight, for the reason that the Benyon-O'Keefe Transfer & Storage Company, appellant's agent, rendered such declared value for the purpose of assessing the freight charges. The court overruled defendant's general and special exceptions. The case was tried by the court without a jury, resulting in a judgment for plaintiff in the sum of $315.95. The itemized statement of the articles alleged to have been destroyed contained such items as "10 suits children's underwear," "4 men's white shirts," and "1 lot of neckties," "1 lot new dress goods," "1 lot of kitchen utensils," "1 outfit maternity clothing," and other items of wearing apparel, furniture, etc., without describing them as to material of which they were made or other definite description, except the statement of value of the separate items which included several articles, in the aggregate.

[1] The court's action in overruling the special exception to the petition upon this ground is the basis of the first assignment of error. The appellant insists that the case of G., H. & S. A. Railway Co. v. Quilhot, 123 S. W. 200, is decisive of this contention. Fly, Justice, said in that case:

"The special exceptions, however, which assailed the sufficiency of the description of the property, were meritorious, and should have been sustained by the court. 'One chest of silver' does not disclose with sufficient clearness the character of the property, and neither can the descriptions of other articles which do not disclose even the material out of which they were made answer the demands of special demurrers aimed at them. 'One punch bowl,' 'one H. P. vase,' and 'two C. G. bowls,' give a very poor indication of what is intended, and the whole of the property could and should be more clearly described."

In that case the value of each class of articles was not as in this case, separately stated, and the court could not judicially know that "H. P." meant hand painted, or that "C. G." meant cut glass. While a strict application of the rule would require a better description, still under Rule 62a (149 S. W. x), no injury is here shown and the court's ruling is not reversible error.

[2-4] By the second and third assignments it is insisted that the court erred in permitting the plaintiff and his wife to testify con-

cerning what was in the boxes and in what manner and condition the goods and boxes were delivered to the carrier. It appears that plaintiff packed and crated his household goods in November, 1918, before they were destroyed by fire in Wichita Falls the latter part of February, 1919; that during most of this time they were in the warehouse of Benyon-O'Keefe Transfer & Storage Company at Fort Worth. Plaintiff testified that they were delivered to the carrier by the storage company, and that all of the articles mentioned in the petition were in the boxes and crates at the time they were delivered to the carrier. Plaintiff and his wife both admitted that they had no personal knowledge of the condition of the goods at the time they were delivered to the carrier, nor that the storage company actually delivered them. The shipping receipt and bill of lading, issued by the carrier, prove the delivery by the storage company; but they are not sufficient to establish the fact that all of the goods delivered by plaintiff to the storage company were actually delivered to the carrier. The notation on the bill of lading that the goods were in apparent good order does not prove this essential fact. If only a part of the goods had been delivered to the consignee at Wichita Falls, it is clear that plaintiff, in order to recover against the carrier, should have proven that all of the goods had been delivered by the storage company to the carrier. The fact that none of the goods were delivered to plaintiff does not relieve the plaintiff of this burden. The rule that proof of delivery of the goods to a warehouseman in good condition raises a presumption of delivery to the carrier in good condition does not apply where the goods have been in possession of a warehouseman for a considerable length of time before they are delivered to the carrier. Appellee insists that the doctrine announced in Whitley v. Gulf, etc., Ry. Co., 183 S. W. 36, in which it is said: "In an action against a carrier for the conversion of freight, evidence as to the condition and value of the property when it was stored with the furniture company four months before shipment and eight months before the conversion, and that the goods were so well crated and packed that the carrier waived its usual rule requiring payment of freight in advance, is sufficient to raise the presumption that the value continued the same at the time of conversion as at the time of storage"—does not apply. There is neither pleading nor proof that the carrier waived the payment of freight in advance, and the issue here is, not as to the value of the goods, but whether all of the goods sued for were in fact ever delivered to the carrier.

[5] Appellee also insists in this connection that the appellant is bound by his allegation that "the goods arrived at Wichita Falls in due course and in good condition." This statement is made in that part of the an-

swer where the appellant alleges that, if it is liable at all, its liability is that of warehouseman rather than a carrier. The answer contains a general denial. Appellee did not offer this pleading in evidence, even if it could be held that the allegation was binding upon appellee as an admission. Where a pleading contains a general denial, facts inconsistent with the general denial, alleged in the pleading, cannot be offered in evidence against the party filing such pleading. As said by Judge Townes, in his work on Texas Pleading (page 369):

"It has been frequently decided under our statutes permitting defendant to make different defenses that a plea in confession and avoidance, even though under the old common-law form of absolute admission, does not limit the effect of general and special denials presented in the answer and that the plaintiff must be prepared to overcome the general denial by proof, independent of the admissions contained in the confession and avoidance. To hold otherwise would be to deny the defendant the practical advantages of the statutes."

In Hynes v. Packard, 92 Tex. 44, 45 S. W. 562, the Supreme Court, speaking through Judge Brown, said:

"Besides, the defendant in the court below pleaded a general denial to all of the allegations of the plaintiff's petition, and it is a well-established rule in this state that when a general denial is interposed by the defendant no statements in the answer can be used as evidence to establish the allegations of the plaintiff's petition." Silliman v. Gano, 90 Tex. 637, 39 S. W. 559, and 40 S. W. 391; H. E. & W. T. Ry. Co. v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877; M., K. & T. Ry. Co. v. Maxwell, 130 S. W. 728. Affirmed in 104 Tex. 632, 143 S. W. 1147; Hart-Parr Co. v. Krizan & Maler, 212 S. W. 835.

[6] Under the fourth and fifth assignments of error, complaint is made of the court's action in permitting plaintiff and his wife to testify as to the reasonable value of the goods and to state the value thereof to the jury, without first establishing the fact that the articles had no market value at destination. The measure of damages for loss of household goods by a common carrier is the actual or reasonable value of the goods at the place of destination at the time they should have been delivered—as distinguished from a fanciful or sentimental value—where the goods are secondhand and have no standard market value. A., T. & S. F. Ry. Co. v. Smythe, 55 Tex. Civ. App. 557, 119 S. W. 892; St. L. Iron Mt. & S. Ry. v. Green, 44 Tex. Civ. App. 13, 97 S. W. 531; I. & G. N. Ry. Co. v. Nicholson, 61 Tex. 553; Mo. Pac. Ry. v. Colquitt, (Sup.) 9 S. W. 604.

Without considering the assignments in the order presented, we have disposed of all the contentions urged here, and, because of the errors pointed out, the judgment is reversed, and the cause remanded.