## WALKER v. ROGERS. (No. 470.)

Court of Civil Appeals of Texas. Eastland. June 22, 1928.

Rehearing Granted Oct. 19, 1928.

[redacted]

W. E. Lessing, of Abilene, for appellant.
Cox & Hayden, of Abilene, for appellee.

FUNDERBURK, J. It affirmatively appears from the transcript that this court is without jurisdiction to consider this case. The caption discloses that the term of court at which it was tried began on the 17th day of October, A. D. 1927, and ended on the 17th day of December, A. D. 1927. The term therefore continued more than eight weeks. The judgment was rendered on November 2, 1927. Motion for new trial was filed November 4, 1927, and an order was entered overruling the motion for new trial on November 12, 1927, which order contains the

notice of appeal to this court. The appeal bond was filed on January 2, 1928. Under article 2253, R. S. 1925, as amended by the Fortieth Legislature 1927, p. 21, c. 15, § 1, it is provided that, if the term of court may by law continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within 20 days after notice of appeal is given if the party taking the appeal resides in the county, and within 30 days if he resides out of the county.

The appeal bond in this case was filed about 50 days after the notice of appeal was given, and, since the term of court continued more than 8 weeks, no jurisdiction was conferred upon this court by the filing of the appeal bond.

The appeal will be dismissed.

### On Rehearing.

Following the submission of this case, it was dismissed by this court because from an inspection of the record it appeared that the appeal bond had been filed about 50 days after notice of appeal was given, and that the term of the trial court continued more than 8 weeks, thus showing that we were without jurisdiction to entertain the appeal. Following this action of the court, the appellant filed a motion for rehearing, alleging and supporting by affidavit facts to show that we had jurisdiction of the appeal and the failure of the record to so show was the result of mistake, and praying for leave to correct the record to show the requisite jurisdictional facts. Leave was granted to perfect the record, if this could be done, and the motion for rehearing was continued, and now, the record having been corrected and the requisite jurisdictional facts appearing from such correction, the cause is reinstated.

Objection was made to our granting the motion to reinstate, and it has been insisted by the appellee that we had no authority to permit the record to be corrected after submission and after having entered our judgment of dismissal.

■ We have reached the conclusion that, however valid this contention may be generally, as to which we are not here called upon to express an opinion, there is a well-recognized exception in cases where the errors or omissions in the record are such as go to show the nonexistence of jurisdictional facts. This court has undoubted authority to determine the facts, by affidavit or otherwise, of the existence of its jurisdiction to hear a case, and the method herein adopted of permitting such facts to be made to appear by the filing of a corrected record of the proceedings of the lower court, we think comes well within such authority. Blalock v. Slocomb (Tex. Com. App.) 245 S. W. 648, and authorities therein cited.

On the merits, the suit is one brought by appellant, W. R. Walker, against appellee, W. E. Rogers, to recover the sum of $275, the same claimed to be a balance due for commissions for the sale of certain real estate in the city of Abilene. Plaintiff's claim of a right to recover was predicated on two different theories. He alleged that, being in the real estate business, he had an agreement with the defendant by which, if he procured a purchaser for the property in question for the price or consideration of $20,000, he was to be paid a commission of 5 per cent. or $1,000. In the alternative, he alleged that, if he had no agreement by which he was to be paid a commission of 5 per cent. of said consideration, he was entitled to the reasonable and customary value of his services in securing a purchaser for the property, and that such value was the sum of 5 per cent. of the consideration, or $1,000. In either case it was acknowledged that $725 had been paid, and the claim was restricted to the balance of $275.

Defendant, in his answer, in addition to a general demurrer and general denial, admitted the property in question was sold for the consideration of $20,000 as claimed by plaintiff, but alleged that plaintiff acted under an agreement that the commission was to be 5 per cent. of defendant's equity in the property, there being an indebtedness against the same in the sum of $5,500, that the sum of $725 paid was the sum due based on such equity, and that therefore all the commissions due had been paid.

The case was tried by jury, to whom special issues were submitted, which, with their findings thereon, are as follows:

"Special Issue No. 1: Did the defendant, W. E. Rogers, agree to pay the plaintiff a 5% commission on the $5500.00 indebtedness against the property in question? Answer 'Yes' or 'No.' No.

"Special Issue No. 2: If you have answered Question No. 1 'No,' then you will answer this question: Do you find that there was no agreement at all as to what a commission should be paid on, if the property was sold by the plaintiff? Answer 'Yes' or 'No.' Yes.

"Special Issue No. 3: If you have answered Question No. 2 'Yes,' then answer this question: Do you find that the plaintiff is entitled to any commission on the $5500.00 indebtedness against the property by virtue of making the same? Answer 'Yes' or 'No.' No."

The plaintiff offered no evidence whatever to show that he had an express agreement with the defendant to pay a 5 per cent. commission on the sale price of the property. In fact, plaintiff's testimony negatives that he had any express agreement as to the amount of commissions to be paid. Plaintiff testified, however, apparently without contradiction, to the facts of his employment to procure a purchaser for the property at the price of $20,000; that the sale was made as a result of his services in finding a purchaser; that he was in the real estate business and knew the reasonable and customary

commission on such sales at the time, and that such reasonable and customary commission was 5 per cent. of the total consideration, amounting in this case to $1,000, of which $725 had been paid and a balance remained unpaid of $275.

Upon the verdict of the jury judgment was rendered for defendant, and plaintiff has appealed. Appellant contends, among other things, that the cause should be reversed and rendered for appellant on the theory that the facts showing plaintiff's right to recover upon an implied agreement or quantum meruit was undisputed, and that the jury's finding in answer to special issues Nos. 1 and 2 was a finding against defendant as to the existence of a special agreement to the effect that the commission should be based upon the defendant's equity in the property, rather than the sale price, and that the jury's answer to special issue No. 3 should be disregarded because it was a general verdict improper in a case submitted on special issues.

We agree that the proper interpretation of the jury's findings upon special issues Nos. 1 and 2 is against the defendant as to the existence of the special agreement alleged, and that, if these issues only had been submitted, the only obstacle to a judgment for the plaintiff would be the want of any finding by the jury in favor of the implied agreement or quantum meruit alleged. Although the testimony as to the implied agreement or quantum meruit may be undisputed, since same consists wholly of plaintiff's testimony, it was necessary to have a finding of the jury in support of same as the basis of a judgment. Pope v. Beauchamp, 110 Tex. 271, 219 S. W. 447.

No aid is to be had from admissions in defendant's pleading, since same followed a general denial, and cannot therefore dispense with the necessity of the plaintiff proving the facts admitted by the answer. Hynes et al. v. Packard, 92 Tex. 44, 45 S. W. 562.

Judgment having been rendered for the defendant, under the operation of R. S. art. 2190, we would have to assume that this issue was found against the plaintiff in support of the judgment, plaintiff not having requested its submission. It is therefore clear to us that this proposition presents no reversible error.

The submission of special issue No. 3 was subject, among other things, to the objection made to it that it called for a general verdict; and therefore not proper to be submitted in a case submitted on special issues. Worden v. Kroeger (Tex. Civ. App.) 184 S. W. 583.

The issue having special reference, not to the agreement alleged by plaintiff, but to that alleged by the defendant, it was also error to charge, over the objection of the plaintiff, that the burden of proof was upon the plaintiff upon this issue.

We also sustain the assignment complaining of the admission in evidence of the letter written by defendant to the plaintiff, transmitting the abstract to the property, in which letter was recited the agreement that the commission was to be based upon the equity in the property only. The record discloses that this was after a controversy had arisen over the agreement and is a good example of a self-serving declaration not admissible in evidence.

Because of the errors mentioned, the cause will be reversed and remanded.