**FIRST STATE BANK OF LORAINE v. JACKSON et ux.** (No. 480.)

Court of Civil Appeals of Texas. Eastland.
Feb. 8, 1929.

Thos. J. Coffee, of Colorado, for appellant.
Justice & Sigler, of Athens, for appellees.

HICKMAN, C. J. Appellees, C. M. Jackson and wife, Musie Jackson, brought this suit in the court below for the purpose of opening and 'vacating a prior judgment of that court rendered at a former term thereof in favor of the appellant against them, in so far as such judgment decreed a foreclosure of a deed of trust lien upon certain real estate situated in Henderson county, the separate estate of the said Musie Jackson. The ground relied upon to show the invalidity of the original judgment against Mrs. Jackson was the alleged falsity of the officer's return on a citation issued in that cause. Such return showed that Mrs. Jackson was duly served with citation, but the petition in the instant case alleged that she was not served, and had no knowledge of the pendency of the original suit until a few days before she filed the instant suit.

The defense to the original suit alleged in the instant suit was that the note and the deed of trust on her lands in Henderson county were not executed by her, and that the certificate of the notary as to her acknowledgment of the deed of trust was wholly false, in that she neither signed nor acknowledged such instrument.

Based upon answers of the jury to special issues submitted to them, the judgment of the court below, from which this appeal is predicated, opened the original judgment, and vacated same in so far as it affected Mrs. Jackson, and in so far as same awarded a foreclosure of the deed of trust lien upon her lands; perpetually enjoined the sheriff of Henderson county from executing any order of sale or execution upon her lands under said judgment; enjoined the appellant from procuring any further process on the original judgment as against Mrs. Jackson; and decreed a cancellation of the deed of trust described in the petition covering her separate estate.

■ Upon the conclusion of the evidence appellant duly requested a peremptory instruction in its favor, on the ground that the evidence adduced was wholly insufficient in law to sustain a verdict·for appellees. This request was refused, and is made the basis of the only propositions, which, under our view of the case, are necessary to be disposed of in this opinion. Neither the judgment in the original suit, which was opened and vacated, nor the deed of trust which was canceled in the judgment below, was introduced in evidence upon the trial of this cause, nor did the evidence describe the contents of either. Without this necessary evidence there is no basis in fact for the judgment entered by the trial court, and the request for a peremptory instruction should have been granted.

■■ Appellees insist that we must presume that the trial court took judicial knowledge of the contents of the judgment theretofore rendered in that court. We do not so understand the rule. The original.judgment was rendered at some prior term of the court. The record does not disclose who was the judge at the time it was rendered, but counsel stated to this court in oral argument that the present judge of the trial court was not judge thereof at that time. This fact is, perhaps, immaterial. A court takes judicial knowledge of prior proceedings in the same suit or of proceedings in an ancillary suit. Unquestionably, if a question arises in the trial of a case as to any previous orders made by the court in that case, the court will take judicial knowledge thereof. And it is also well settled that in a garnishment suit there is such intimate connection between it and the main suit as that the court will take judicial knowledge in such suit of the orders entered in the main suit. But, in the instant case there is not that connection between this suit and the original suit that would authorize the court to take judicial knowledge of the judgment in the original suit. This is an independent suit, and the same rules should apply as between two wholly different suits in the same court. Farmers' State Bank v. Jameson (Tex. Com. App.) 11 S.W.(2d) 299.

In the case of Snow v. Cook (Tex. Civ. App.) 278 S. W. 520, the trial court, in passing upon a general demurrer to the petition in a suit to set aside a former judgment, took cognizance of the record in the former suit, and the Court of Civil Appeals affirmed the judgment; but in that case the record disclosed that this was done under an agreement of the parties. That is not the question presented here. It is our opinion that in this case the question of the contents of the original judgment was an issue of fact necessary to be proved as any other fact, and not one of which the court could take judicial notice. Wallis v. Beauchamp, 15 Tex. 303; Armendiaz v. De La Serna, 40 Tex. 291; General Bonding & Casualty Ins. Co. v. Lawson (Tex. Civ. App.) 194 S. W. 1020; Taylor v. Shelton, 63 Tex. Civ. App. 626, 134 S. W. 302; Short v. Blair & Hughes Co. (Tex. Civ. App.) 230 S. W. 427.

■■ But, should we be in error in this holding, we are met with the situation that appellant is here directly attacking the sufficiency of the evidence to support the judgment, and the statement of facts, the only source from which we can ascertain the evidence, fails to disclose the contents of the original judgment. Nor is there any finding of fact in the record indicating that the trial

court did examine the original judgment, or, if so, what his examination disclosed. If we should hold that the trial court had the authority to take judicial knowledge of the contents of that judgment, then we would still be unable to determine just what its contents were. We could not indulge in any presumption thereon in view of the direct attack made by appellant upon the sufficiency of the evidence. Presumptions are not indulged in favor of a judgment in a particular in which that judgment is directly attacked. Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162; Hill v. Taylor County (Tex. Civ. App.) 294 S. W. 868.

But, should we be in error in each of the above holdings, there is still a barrier which appellees have not overcome in this record. In order for them to have been entitled to any relief in this case, it was necessary for them to both allege and prove a meritorious defense to the original suit. The only defense alleged was that the deed of trust foreclosed in the original suit was not executed or acknowledged by Mrs. Jackson. Should this record show, which it does not, what lands, if any, were foreclosed upon in the original suit, still we would be unable to determine from this record whether appellees had a meritorious defense to that part of the judgment, because they failed to introduce in evidence the deed of trust which they alleged Mrs. Jackson did not execute or acknowledge, and we are therefore not informed as to the description of the lands contained in that deed of trust. We cannot determine whether proof that she did not sign a deed of trust of a certain date, the contents of which were not disclosed, was proof of the fact that she did not sign the deed of trust foreclosed upon in the original judgment. There is no evidence in the record that the lands upon which the alleged foreclosure was decreed in the original judgment, if a foreclosure was, in fact, decreed, were the same lands as those described in the deed of trust. Appellees therefore proved no defense to the original suit.

It is contended by appellees that their failure to introduce this deed of trust in evidence was cured by an admission contained in appellant's answer. The answer consisted of demurrers, general denial, and a special plea. In this special plea language is contained which we think would be sufficient to constitute an admission that the deed of trust described in appellee's petition was the one sued on by appellant, were it not for the fact that this admission follows a general denial. But it is well established that a general denial puts in issue all the material allegations of plaintiff's petition, except, of course, such as are required to be traversed by a special pleading, and, where an answer contains a general denial, statements in a separate plea in the same answer cannot be used as evidence to establish any of the allegations in plaintiff's petition. Silliman v. Gano, 90 Tex. 637, 39 S. W. 559, 40 S. W. 391; Hynes v. Packard, 92 Tex. 44, 45 S. W. 562; Hines v. Warden (Tex. Civ. App.) 229 S. W. 957; Dallas Ry. Co. v. Warlick (Tex. Civ. App.) 268 S. W. 512; Walker v. Rogers, 10 S.W.(2d) 763 (by this court); Townes Texas Pleading, p. 369.

Appellant's brief contains assignments challenging the sufficiency of the evidence in different respects. Since the case must be retried, it would not be proper for us to discuss the evidence, as it may not be the same on the next trial. The assignments complaining of the court's charge cannot be considered, for the reason that the record does not disclose that the objections to the charge were presented to, or acted upon by, the trial judge.

We are asked to render judgment here in favor of appellant. Admittedly there is logic in the contention that, where a Court of Civil Appeals sustains an assignment complaining of the action of the trial court in refusing to give a peremptory instruction in favor of the appellant, it should, under article 1856, R. S. 1925, render judgment for appellant. But that article has been construed to vest discretion in the appellate court, and authorize such court to remand the cause under such circumstances when it appears that the evidence may be supplied upon another trial, and that justice may be better subserved by a remand. Texas Employers' Ins. Ass'n v. Herring (Tex. Com. App.) 280 S. W. 740; Associated Oil Co. v. Hart (Tex. Com. App.) 277 S. W. 1043; Lancaster v. Crockett (Tex. Civ. App.) 271 S. W. 307.

We think this is a proper case to remand for another trial, rather than to render, and it is so ordered.