**BELDON v. McCOLL.** (No. 8250.)

Court of Civil Appeals of Texas. San Antonio.
Oct. 16, 1929.

Faulk & Abney, of Brownsville, for plaintiff in error.

R. M. Bounds, of McAllen, for defendant in error.

SMITH, J. This action was brought by plaintiff in error, O. S. Beldon, against defendant in error, A. J. McColl, upon the following instrument, executed by both said parties at Kansas City, Mo., on September 19, 1922:

"In consideration of the promise of O. S. Beldon that so long as the payments herein provided are made at the times herein provided, said Beldon will not pursue in court against any person or corporation his remedy on account of the failure of Rio Grande Land Corporation to perform a contract dated January 8, 1919, for the conveyance of the East ½ of Lot 254 of the subdivision of Porcion 69 in Hidalgo County, Texas. A. J. McColl hereby promises and agrees to pay $3,053.17 with interest on the unpaid balances thereof from date at 6 % per annum as follows:

"$500.00 on this date and $300.00 per month on the 15th day of each month hereafter until the entire sum, both principal and interest, has been paid and when said amount with interest shall be fully paid, all persons in any way liable on account of the transaction above described shall be fully discharged."

It was alleged by Beldon that McColl had made the $500 cash payment required by the agreement, but no more, and the suit was brought to recover the balance. To this petition defendant in error interposed a general demurrer, as well as a special exception to the effect that the petition was insufficient because it disclosed that the action, commenced on October 25, 1928, was barred by the four-year statute of limitations. The trial court sustained both the general and special demurrers, Beldon refused to amend, the suit was dismissed, and Beldon now prosecutes this writ of error.

In none of the propositions in his brief does plaintiff in error contend that his petition was good as against the general demurrer, but he is content to rest his appeal upon complaints against the manner in which the trial court disposed of the demurrers, and the language of the judgment of dismissal. It was recited in said judgment that: "The general demurrer to Plaintiff's Original Petition should be sustained in that it appears that

the contract sued upon is not an enforceable contract but is an option on the part of A. J. McColl, Defendant herein, to pay the amounts in said contract specified, and thus avoid a law suit being filed against the A. J. McColl Land Company, a corporation, which is not a party to this suit, and that said contract is not enforceable."

It is contended by plaintiff in error that by this language his whole case was foreclosed, and he was denied the right to amend for the purpose of avoiding dismissal. He also urges in his propositions that it was beyond the power of the court to act upon the special exception, relating to limitation, after sustaining the general demurrer. We conclude there is no merit in these propositions. Appellate courts will look to the result, rather than to any peculiar language, of such judgments; if the judgment was correct, the reasons given therefor by the trial judge are immaterial, and the pleader's right to amend is not abridged or defeated by any opinion expressed in the judgment upon the merits of the case.

The action of the court in sustaining the special exception, after a like ruling upon the general demurrer, even if unauthorized in our system of practice, is not material to the appeal. Accordingly, all of plaintiff in error's propositions of law are overruled.

The action of the court in sustaining the general demurrer was fundamental, however, and requires this court to consider and pass upon that action, even though no error is assigned thereon.

The contract sued upon obligated McColl to pay the amounts specified to Beldon upon the terms stipulated in the agreement, in consideration of Beldon's agreement "not to pursue in court against any person or corporation his remedy on account of the failure of" the Rio Grande Valley Land Corporation to perform a certain contract therein so generally described. The agreement is obviously somewhat vague and its purposes obscure, and no attempt is made in the petition to amplify, explain, or clarify its purposes or effects. But it is readily inferred from its provisions that Beldon was entitled to enforce the agreement against McColl only in the event he refrained from pressing his remedy under his contract with the Rio Grande Land Corporation, whatever that contract and remedy were. This being the case, it was incumbent upon Beldon to affirmatively allege performance of his obligation in the contract with McColl before he could require specific performance of the latter. He made no such allegations, however, and no matter how favorably his petition may be construed in his behalf, there is no allegation of fact therein from which it may be inferred that he had complied with the condition upon which he could enforce his claim against McColl. He

therefore failed, for this reason if for no other, to state a cause of action against McColl. Accordingly, the general demurrer was properly sustained against plaintiff in error's petition. It is not material if the recited reason for the court's ruling was insufficient, which we do not decide, so long as the action was the proper one.

The judgment is affirmed.