**DRISCOLL et al. v. SHAW, Banking Com'r, et al.**

**No. 8293.**

Court of Civil Appeals of Texas. San Antonio.
Dec. 18, 1929.

Rehearing Denied Feb. 19, 1930.

J. F. Hair, of San Antonio, for appellants. Claude Pollard, C. W. Trueheart, and Jno. W. Goodwin, all of Austin, for appellees.

SMITH, J. It appears from the record that on September 5, 1928, James Shaw, acting in his capacity as banking commissioner of the state of Texas, took charge of the Yoakum State Bank, closed its doors, and, with the aid of his liquidating agent, began and is continuing the liquidation of its affairs, upon authority claimed by him under the banking laws of the state. Subsequently this action was brought against the commissioner and his liquidating agent by Philip Welhausen, M. C. Driscoll, and B. H. Treybig, president, director, and cashier, respectively, of said bank, and J. J. Kuck and Eilert Kuck, depositors in said bank.

The suit of said parties took the form of an intervention in an existing proceeding styled "Yoakum State Bank, No. 6646, In Liquidation," the nature and status of which is not disclosed in the record. The allegations of the interveners, in so far as material to this appeal, are sufficiently stated in their brief in this court, as follows:

"That on the 5th day of September, 1928, appellee Banking Commissioner without the consent of and over the protest of each and all of the officials and directors of said bank declared said bank insolvent, and closed same and took possession of all of its assets and proceeded to liquidate same and is continuing to liquidate same, and that he took charge of same unlawfully and is administering the liquidation unlawfully in this that he wholly failed to comply with the law existing at the time he took charge of said bank, and failed to notify the Attorney General in accordance with Art. 371, R. S. 1925.

"That said bank and its officers, agents, servants and employees did not voluntarily surrender said bank and its assets and property to appellee, or either of them, for liquidation.

"That appellees were selling and disposing of the assets of the bank in a reckless manner and at a great loss to appellants and that they were unlawfully converting said assets and that they are unsuitable persons to have charge of said bank and its assets and wholly unfitted to administer the said properties and that they shall be discharged and a receiver appointed in their stead.

"That appellees, and each of them, and the Attorney General, have declined and still decline to proceed under the law as set forth in said Art. 371, and apply for the appointment of a receiver to take charge of and administer the assets of said bank under the orders of this Court for the benefit of intervener and others as the law requires.

"Appellants pray that the Court discharge appellees as receiver and require them to file a final and complete report, and to appoint a receiver to take charge of the books, accounts, records, papers, assets and properties of said bank, and administer the same under the orders of the District Court.".

The trial court· sustained the general demurrer to this plea in intervention, the interveners declined to amend, and, upon dismissal of their plea, appealed.

■ Appellees object to the consideration of appellants' one assignment of error and proposition thereunder, and, upon the grounds urged, the objection must be sustained. But as the ruling upon the general demurrer is fundamental, it must be considered on appeal, whether or not error is assigned thereon.

We conclude that the general demurrer was properly sustained to the plea in intervention.

■ It appears from the condemned pleading that the bank is a corporate entity, and that the affairs and property alleged to have been seized by appellees were those of the corporation, rather than of appellants. The right and duty of protecting those affairs and property against the acts of third parties rested in the corporation, as such, acting through its official board, rather than its officers and depositors, as individuals. It is only when the corporation fails or refuses, or is for some reason unable, to complain or defend against outside interference in its affairs, that the individuals interested in those affairs may step in and assume that province. Appellants do not attempt to show that the corporation, as such, or its managing board, has failed or refused or is unable for any reason to protect appellants against the alleged wrongs of appellees, and in the absence of such showing appellants stated no cause of action. Evans v. Brandon, 53 Tex. 56.

■■ We think this general rule is particularly applicable in this case, · for it is expressly provided by statute that, "if a State bank * * * comes voluntarily into the hands of the Commissioner, no receiver shall be appointed [as provided in all other contingencies], and the Commissioner shall appoint a competent person in lieu thereof" to proceed with the liquidation of the bank's affairs. Art. 371, R. S. 1925. By this process the statute expressly places in the bank, as a corporate entity, the power of yielding the liquidation of its affairs to the Commissioner and his agents, thereby emphasizing the general power and duty of the corporate entity, acting through its governing board, to determine between the alternatives afforded by the statutes in such. cases. The failure of the corporation to resist liquidation by the Commissioner, raises the presumption that the bank, through its official board, came voluntarily into the hands of the Commissioner, and this presumption is not overthrown by the general allegations in the plea of intervention that the "bank and its officers, agents, servants and employees did not voluntarily surrender said bank and its assets and property to appellees, or either of them, for liquidation."

The judgment is affirmed.

### On Motion for Rehearing.

It is provided in the State Banking Act (articles 370, 371, R. S. 1925):

"Art. 370. ·Inspection.—The Commissioner, as soon as practicable after taking charge of such [closed] bank, shall ascertain by a thorough examination into the affairs its

actual financial condition. If he is satisfied that it cannot resume business or liquidate' its indebtedness to the satisfaction of all its creditors, he shall report the fact of its insolvency to the Attorney General.

"Art. 371. *Liquidating officer.*—Immedi-ately upon the receipt of such notice; the Attorney General shall institute proceedings for the appointment of a receiver to take' charge of such bank and to wind up the affairs and business thereof for the benefit of its depositors, creditors and stockholders. The court, or the judge thereof in vacation, shall immediately appoint said receiver. Complaint or opposition of the bank or its officers subsequently may be heard in open court. Until a receiver is appointed, the Commissioner may appoint a competent person to take charge of the affairs of such insolvent bank. If a State bank or bank and trust company comes voluntarily into the hands of the Commissioner, no receiver shall be appointed, and the Commissioner shall appoint a competent person in lieu thereof."

It is insisted by appellants in their motion for rehearing, that the provision in article 371, that "complaint or opposition of the bank or its officers subsequently may be heard in open court," vested appellants, acting individually as officers of the bank, with authority to bring the suit. That provision, however, gives such authority only after the Attorney General has instituted proceedings and the district court has appointed a receiver for the insolvent bank, which is not the case here.

The banking commissioner has not notified the Attorney General of the closing of the bank, the Attorney General has instituted no proceedings, the district court has appointed no receiver, as appellants contend was the only lawful course available under the law. In this state of facts, specifically and affirmatively set up by appellants, it is apparent that appellants' remedy, if any, lies in a mandamus proceeding by the bank to compel the state officials named to proceed under the statute, if they have not done so. The matter of administering an insolvent state bank is now a purely statutory proceeding, which excludes all other means of effecting such administration, and parties at interest may invoke the aid of the courts to force the appropriate authorities to pursue the processes prescribed by the statute. If the facts in this case are such as to authorize or require the appointment of a receiver of the bank involved, such appointment must be made at the instance of the Attorney General, through the process prescribed in articles 370 and 371, and may not be procured by the direct action of aggrieved individuals, as was sought in this case.

Appellants' motion for rehearing is overruled.