### SPENCER et al. v. TEMPLE TRUST CO.
### No. 810.

Court of Civil Appeals of Texas. Eastland.
Feb. 13, 1931.

Rehearing Denied March 27, 1931.

See also 36 S.W.(2d) 604, 606.

Vickers & Campbell and Lockhart, Garrard & Brown, all of Lubbock, for appellants.

Jno. B. Daniel, of Temple, and Roscoe Wilson, of Lubbock, for appellee.

LESLIE, J.

The appellee, Temple Trust Company, brought this suit in the district court of Eastland county against various defendants: J. E. Spencer, alleged to reside in Eastland county, Tex.; W. E. Spencer, Lubbock county; Dora Pettit Barnes and husband, H. M. Barnes, Lubbock county; Herbert Pettit, Roosevelt county, N. M.; John Pettit and Robert Pettit, Hockley county; Alton Pettit, Bailey County, and Winnie Pettit, Collingsworth county, Tex.

The suit was on a note for $3,200 and some interest notes in connection therewith, all of which were alleged to be secured by a deed of trust on 160 acres of land situated in Lubbock county, Tex., signed by W. E. Spencer and wife. The appellants Dora Pettit Barnes and husband, H. M. Barnes, Herbert Pettit, John Pettit, Alton Pettit, Winnie Pettit, and Robert Pettit, in due time filed a plea of privilege in compliance with the statute, claiming their privilege to be sued in Lubbock county, where some of them resided, and where the land on which a lien was sought to be foreclosed in suit was situated, and prayed that the cause be transferred to a district court of Lubbock county or some other county in Texas where one or more of these defendants reside.

Temple Trust Company in due time filed a controverting affidavit to said plea of privilege, and omitting formal parts it undertakes to maintain venue in Eastland county on the following grounds only:

"(1) The other defendants in this cause are W. E. Spencer, who resides in Lubbock County, Texas, and J. E. Spencer, who is a resident of Eastland County, Texas, the county in which this suit was filed and is now pending; that service has been regularly had on both

said W. E. Spencer and J. E. Spencer; that J. E. Spencer is a joint maker of the note sued on, has an interest in the tract of land sought to be foreclosed on, and is a necessary party to this suit.

"(2) Since there are more than two defendants to this cause of action who reside in different counties and since one of the defendants, J. E. Spencer, is a resident of Eastland County, Texas, and is a necessary and indispensable party to this suit, this court has unquestionable venue under the provisions of section 4 of art. 1995, of the Revised Civil Statutes of the State of Texas."

It is conceded that none of these appellants reside or have resided in Eastland county, Tex.

The appellants filed a pleading in response to the controverting affidavit, urging a general demurrer and special exceptions thereto. This was overruled and upon a hearing the plea of privilege was also overruled. This appeal is prosecuted from that judgment.

In the outset the appellees object to a review of the action of the trial court by this court because no assignments of error were filed in said cause in the trial court and none appear in the transcript of the record or in the brief of appellants, and no fundamental error being apparent on the record, this court is without authority to review the record or to do other than to affirm the judgment of the trial court.

■■ There are no assignments of error in the briefs and evidently none were filed in the trial court. Therefore this court's consideration of the action of the trial court must be based upon the presence of fundamental error, if any, committed by the trial court in the rendition of the judgments appealed from. The ruling upon the general demurrer is fundamental and it must be considered on appeal whether or not error is assigned. Beldon v. McColl (Tex. Civ. App.) 21 S.W.(2d) 87; Dulin v. Fain et al. (Tex. Civ. App.) 22 S.W.(2d) 707; Ickert v. Minor et al. (Tex. Civ. App.) 22 S.W.(2d) 741; Briley v. Hay (Tex. Civ. App.) 13 S.W.(2d) 997; Driscoll et al. v. Shaw (Tex. Civ. App.) 24 S.W.(2d) 1106; Duckworth v. Dallas Levee Imp. Dist. (Tex. Civ. App.) 11 S.W.(2d) 263.

■ Since it is imperative that this court look to the pleadings and judgment, and especially the controverting affidavit, to ascertain the presence, if any, of fundamental error, we have done so, and it is apparent that the allegations of the controverting affidavit as above set forth in no respect meet the requirements of that provision of article 2007, Revised Civil Statutes, which says:

"If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, *setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending.*" (Italics ours.)

The controverting affidavit does not refer to the plaintiff's original petition, nor does it attempt to make it a part thereof. It is therefore not aided by the allegations of the petition, and in reaching our conclusions we are required to look to the controverting plea alone. Lawless v. Tidwell (Tex. Civ. App.) 24 S.W.(2d) 515; McLeroy v. Thrift, Inc., (Tex. Civ. App.) 22 S.W.(2d) 497.

■ By reference to the controverting affidavit it is apparent that it does not comply with said statute by specifically setting out the fact or facts relied upon to confer (as against appellants) venue of such cause on the district court of Eastland county where the cause is pending. Conceding, but not deciding, that for the purposes of this controverting plea, it sufficiently sets up as against the Spencers a cause of action maintainable in Eastland county, it clearly appears that such plea shows no cause of action whatever against the appellants Pettits et al., and therefore could not show a cause of action in which J. E. Spencer, residing in Eastland county, could be joined along with the appellants as either a proper or necessary party. The insufficiency of the allegations of the controverting affidavit to establish the venue of this suit in Eastland county as against these appellants is clearly shown by the following authorities: Cook v. Guzman (Tex. Civ. App.) 19 S.W.(2d) 855; Thompson v. Trentham (Tex. Civ. App.) 17 S.W.(2d) 130; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; Greenville Gas & Fuel Co. v. Commercial Finance Co., 117 Tex. 124, 298 S. W. 550, 551; Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035; Shelton v. Thomas (Tex. Civ. App.) 11 S.W.(2d) 254; Grogan-Cochran Lbr. Co. v. McWhorter (Tex. Civ. App.) 4 S.W.(2d) 995.

For the reasons assigned the judgment of the trial court is reversed, and the cause remanded with instructions to the trial court to order the transfer of the cause to Lubbock County, Tex.