## SPENCER et al. v. TEMPLE TRUST CO.
### No. 809.

Court of Civil Appeals of Texas. Eastland.
Feb. 13, 1931.

Rehearing Denied March 27, 1931.

See, also, 36 S.W.(2d) 606.

Vickers & Campbell and Lockhart, Garrard & Brown, all of Lubbock, for appellants.

Jno. B. Daniel, of Temple, and Roscoe Wilson, of Lubbock, for appellee.

LESLIE, J.

The opinion in the case of J. E. Spencer et al. v. Temple Trust Company (Tex. Civ. App.) 36 S.W.(2d) 602, this day decided, disposes of all the questions presented by this appeal. It follows that the judgment of the trial court in the instant case is reversed, and the cause remanded with instructions to the trial court to order the transfer of the cause to Lubbock county. It is so ordered.

On Rehearing.

This appeal involves the ruling of the trial court on the issues arising upon the controverting affidavit to a plea of privilege. This is a companion case to 810, 811, and 812, 36 S. W.(2d) 602, 605, and all were disposed of at a former day of this term by an opinion and judgment reversing the judgment of the trial court and ordering the said causes transferred to the district court of Lubbock county, Tex., for trial on their merits.

A motion for rehearing is presented in each of said causes, and while they involve the same facts, it is insisted that, inasmuch as an opinion was by this court written in cause No. 810, and the others disposed of in accordance with the same, that this court did not particularly consider the record made below in this cause, which was the one in fact tried below and in which a full record was made.

In the original disposition of this appeal we did not overlook the particular features of this record to which our attention is now directed. It is here contended by the appellee, Temple Trust Company, that the opinion handed down in this case merely makes reference to and adopts the opinion handed down on the same day in cause No. 810, J. E. Spencer et al. v. Temple Trust Company, by this court, and that there is a difference in the record of the cases in that the "replication of appellee or its amended controverting affidavit was not brought forward in the transcript in Cause No. 810." We therefore reexamine the record in this cause, with the view of determining whether or not we erred in the original disposition of the same.

In appellee's motion for rehearing it concedes the insufficiency of its original controverting affidavit in this language:

"It is admitted that the controverting affidavit of the appellee, standing alone, is insufficient to show a cause of action against the appellants maintainable in Eastland county, but when taken in connection with all the pleadings filed in connection with the plea of privilege, a cause of action is shown against them."

It then proceeds to state that the answer of the appellants to the controverting affidavit contained (a) general demurrer, (b) three special exceptions, (c) a general denial, and (d) a special answer, from which lengthy quotations are made of allegations of fact deemed to aid and support the plaintiff below in presenting and making out a cause of action properly maintainable in Eastland county against all of the defendants, and especially the appellants herein. In connection with the allegations of said special answer so quoted, a particular reference is made to the copy of a judgment obtained by appellants

against appellee in the district court of Lubbock county.

■ We do not understand that the appellee is in any way benefited by the matters thus appearing in appellants' special answer. Facts there alleged cannot be taken as admissions in favor of the cause asserted by the plaintiff below, nor in aid of its allegations. As noted above, the answer of defendants below to plaintiffs' controverting affidavit consisted of general demurrers, special exceptions, and a general denial. As said in First State Bank of Loraine v. Jackson (Tex. Civ. App.) 13 S. W.(2d) 979, 981:

"But it is well established that a general denial puts in issue all the material allegations of plaintiff's petition, except, of course, such as are required to be traversed by a special pleading, and, where an answer contains a general denial, statements in a separate plea in the same answer cannot be used as evidence to establish any of the allegations in plaintiff's petition. Silliman v. Gano, 90 Tex. 637, 39 S. W. 559, 40 S. W. 391; Hynes v. Packard, 92 Tex. 44, 45 S. W. 562; Hines v. Warden (Tex. Civ. App.) 229 S. W. 957; Dallas Ry. Co. v. Warlick (Tex. Civ. App.) 268 S. W. 512; Walker v. Rogers (Tex. Civ. App.) 10 S.W.(2d) 763; Townes Texas Pleading, p. 369."

The same principle has application to the pleadings presenting issues in pleas of privilege.

■■ While admitting the total insufficiency of appellee's controverting affidavit to show cause of action maintainable in Eastland county, and seeking to build up and strengthen the same in the manner above indicated, by having reference to the allegations, etc., found in defendants' special answer, it is also the contention of the appellee, plaintiff below, that its replication to the appellants' answer to controverting affidavit sufficiently sets out "the fact or facts relied upon," required under article 2007 of the Revised Civil Statutes to show a cause of action properly maintainable in Eastland county. Its contention thus made is succinctly stated in its brief in this language: "The replication to appellants' answer, which is nothing more than an amended controverting affidavit, sets forth as the 'fact or facts relied upon,'" etc. Then follows a statement of such matters appearing in this pleading, and deemed sufficient to confer venue of the cause. If this pleading, as insisted by appellee, be regarded as "an amended controverting affidavit," it is very clear that the original controverting affidavit becomes an abandoned pleading and should be so regarded. So viewing the same, and measuring the allegations of the amended controverting affidavit by the statutory requirements (article 2007, R. C. S.), we are of opinion that it is even more insufficient than the original controverting affidavit in setting forth "the fact or facts relied upon to confer venue of said cause on the court" in the county where the same was filed. It does not allege that J. E. Spencer or any of the other defendants resided in Eastland county.

For these and the reasons set forth in our original opinion the motion for rehearing is overruled.

We recognize the rule that, under certain facts, a judgment reversing the judgment of the trial court in a plea of privilege case may be followed by a mere remand of the cause to the trial court for further proceedings thereon, but a careful consideration of the pleadings and the facts appearing in this record leads us to the conclusion that this and its companion cases should, as heretofore directed, be transferred to the district court of Lubbock county, in accordance with our original opinion. It will also be economy in time and cost to the litigants.

The motions in this and all companion cases will be overruled.