## EUREKA SECURITY FIRE & MARINE INS. CO. v. DE ROSS.

### No. 9122.

Court of Civil Appeals of Texas. San Antonio.

June 7, 1933.

Rehearing Denied July 12, 1933.

T. M. West, Nat L. Hardy, and Harry L. Howard, all of San Antonio, for appellant.

J. L. Hill and Grover C. Morris, both of San Antonio, for appellee.

MURRAY, Justice.

Beginning on page 924 of 40 S.W.(2d) will be found the opinion of this court on the former appeal of this case.

This suit was originally instituted by Mrs. Margaret De Ross against Eureka Security Fire & Marine Insurance Company. Mrs. De Ross died before the first trial, whereupon her mother, Mrs. Betty Stafford, and other heirs were substituted as plaintiffs. The suit was on a fire insurance policy in the sum of $1,000. The facts are fully stated in the former opinion.

The real question presented on this appeal is, "Has appellant waived the provision in the policy which stated that Mrs. De Ross was the sole owner of the property insured and is appellant now estopped to set up as a defense this warranty in the policy?"

■ Appellees allege that A. M. Ramsey was the agent of appellant, that he knew at the time he wrote the policy that Mrs. De Ross was not the sole owner of the property, and that such knowledge of its agent precluded and estopped appellant from asserting this defense. Appellant complains that this matter was set up for the first time more than two years after the cause of action arose, and is therefore barred by the two-year statute of limitation. We do not agree with this contention. Article 5539b, Vernon's Ann. Civ. St. Acts 1931, 42d Leg. p. 194, c. 115, § 1; Lone Star Gas Co. v. Harris (Tex. Civ. App.) 45 S.W.(2d) 664; Ferguson Seed Farms v. Ferguson (Tex. Civ. App.) 52 S.W.(2d) 354.

■ However, appellees having pleaded that appellant was estopped by knowledge of its agent, Ramsey, to take advantage of the warranty in the insurance policy to the effect

that Mrs. De Ross was the sole owner of the property insured, the burden was upon appellees to show first that Ramsey was the agent of appellant; and, second, that Ramsey knew at the time he wrote the policy that Mrs. De Ross was not the sole owner of the property. The evidence is insufficient upon both points.

Appellees undertook to prove that Ramsey was the agent of appellant by introducing in evidence its answer, wherein it stated that Ramsey was its agent. This statement was contained in a special answer which was preceded by a general denial. There is an unbroken line of decisions to the effect that, where a defendant in a suit first enters a general denial to plaintiff's cause of action, he thereby puts in issue every allegation in plaintiff's petition except such matters as are required to be denied by verified pleadings, and that any admissions that defendant may thereafter make in special answers cannot be regarded as evidence to support plaintiff's cause of action.

The reason for this rule is that under the statute, article 2006, R. C. S., a defendant has the right to file any number of special answers, even though they be conflicting in their nature. If admissions contained in special answers could be taken as evidence of facts denied generally by defendant, then this statutory right would be denied to a defendant. In filing several conflicting special answers he might, if the rule was otherwise, admit plaintiff's entire cause of action though he had denied same in a general denial. Silliman v. Gano, 90 Tex. 637, 39 S. W. 559, 40 S. W. 391; Hynes v. Packard, 92 Tex. 44, 45 S. W. 562; Spencer v. Temple Trust Co. (Tex. Civ. App.) 36 S.W.(2d) 604; First State Bank of Loraine v. Jackson (Tex. Civ. App.) 13 S. W. 979; Walker v. Rogers (Tex. Civ. App.) 10 S.W.(2d) 763; Dallas Ry. Co. v. Warlick (Tex. Civ. App.) 268 S. W. 512; Hines v. Warden (Tex. Civ. App.) 229 S. W. 957.

There is no other satisfactory proof in the record that Ramsey was the agent of appellant.

Appellees relied upon a statement accredited to Ramsey to the effect that the reason he wrote the insurance policy in the name of Mrs. De Ross was that she was in possession of the property and attending to all of the affairs of her mother, as showing Ramsey's knowledge that Mrs. De Ross was not the sole owner of the property. This evidence is insufficient to show any such knowledge on the part of Ramsey. As stated above, the burden was upon appellees to show by a preponderance of the evidence that Ramsey had such knowledge. The policy clearly stated that it was to be void if Mrs. De Ross was not the sole owner. Mrs. De Ross only owned a one-fourteenth interest in the property. To set aside this plain stipulation in the written policy of insurance, the evidence should be full and satisfactory that Ramsey knew at the very time he wrote the policy that Mrs. De Ross was not the sole owner. The evidence is insufficient to discharge this burden resting upon appellees.

We also sustain appellant's other proposition to the effect that the trial court should have given appellant an instructed verdict.

It follows that ordinarily this cause would be reversed and rendered; however, we deem it proper to only reverse this judgment and remand the cause, and it is so ordered.