## KARTES v. FRITTER.

### No. 9226.

Court of Civil Appeals of Texas. San Antonio.

July 26, 1933.

Rehearing Denied Oct. 11, 1933.

390

Jones & Lyles, of Del Rio, for appellant.

Morriss & Morriss, of San Antonio, and Frank Lane, of Brackettville, for appellee.

MURRAY, Justice.

This is an election contest for the office of county judge of Kinney county, instituted by Carl Kartes, appellant, against John S. Fritter, appellee; the election was held November 8, 1932; on the face of election returns appellee had a majority of 6 votes. Both parties challenged the legality of numerous votes, and upon a hearing the trial court deducted from the total given appellant 42 votes, and from the total given appellee 32 votes, thus leaving appellee a majority of 16 votes. The trial court filed his findings of facts and conclusions of law. Appellant presents 30 assignments of error. These assignments of error largely attack the findings of the trial judge.

█ Appellee objects to this court considering these assignments because appellant did not except in the lower court to the trial judge's findings or file any requests for any further, other, or amended findings, which might have been done under the provision of Acts 1931, 42nd Leg., p. 118, ch. 76, § 2, now known as article 2247a, Vernon's Ann. Civ. St.

We are of the opinion that there is nothing contained in article 2247a, or any other provision of the law, which would require appellant to formally except to the findings of the trial judge or request further, other, or amended findings before he would be entitled to attack the findings of the trial court, as he has done in this case.

██ In his first and second assignments of error appellant complains of the trial court's action in holding void the entire vote in precinct No. 6, for the reason that the ballots were not signed by the presiding judge of the election precinct, and at the same time refusing to declare the entire election void and order a new election.

This voting box gave appellant 10 votes and appellee 7 votes. The ballots were shown not to be signed by the presiding judge, and the trial judge properly declared these ballots illegal, and ordered these votes deducted from each candidate's totals, thus accomplishing what is commonly referred to as throwing out the entire box. Appellant contends that the throwing out of 17 votes on this technical ground was of sufficient importance to require the court to order a new election. That as the law provides these ballots could not be legally counted the election returns made by the election officials could not be considered for any purpose. That these 17 votes might in theory have all been cast for appellant. That the throwing out of the entire box might defeat the will of the majority of the voters.

There was no evidence offered, or any contention made below, that the official returns from box No. 6 were not in fact correct, but only that the ballots, being unsigned, could not be counted. The throwing out of box No. 6 made only a difference of 3 votes, and was not sufficient cause for declaring the election void and ordering a new election. Assignments 1 and 2 will be overruled.

█ In his third and eighth assignments of error appellant complains of the trial court's refusal to sustain his challenge to the votes of Sallie Daniels and Amelia Fuentes Maldando. Appellant challenged these two votes in his trial amendment. He introduced the abandoned pleading of appellee to establish the illegality of these two votes. Appellee had alleged, in his abandoned pleading, that these two votes were illegal. However, appellee had preceded such allegations with a general denial.

Where a defendant (or contestee) first enters a general denial to plaintiff's petition, admissions made thereafter in special de-

fenses are not to be taken as admissions establishing allegations in plaintiff's pleadings, otherwise a defendant would be denied his statutory right to plead conflicting defenses. Appellant has cited Texas Jurisprudence, vol. 17, Title Evidence, § 236, pp. 570, 571. Here we find the general rule that admissions made in pleadings are binding upon the party making them. The rule above stated is an exception to this general rule and is supported by a long line of unbroken decisions. Eureka Security Fire & Marine Ins. Co. v. Mrs. Margaret De Ross (Tex. Civ. App.) 62 S.W.(2d) 226; Silliman v. Gano, 90 Tex. 637, 39 S. W. 559, 40 S. W. 391; Hynes v. Packard, 92 Tex. 44, 45 S. W. 562; Spencer v. Temple Trust Co. (Tex. Civ. App.) 36 S.W. (2d) 604; First State Bank of Loraine v. Jackson (Tex. Civ. App.) 13 S.W.(2d) 979; Walker v. Rogers (Tex. Civ. App.) 10 S.W. (2d) 763; Dallas Railway Co. v. Warlick (Tex. Civ. App.) 268 S. W. 512; Hines v. Warden (Tex. Civ. App.) 229 S. W. 957. These assignments are overruled.

In his fourth assignment of error appellant complains of the court's action in sustaining appellee's challenge to the voter Millie Thompson. The testimony shows that this voter was born and reared in Mexico, but the record is silent as to whether or not she was ever naturalized. It is true that when a person has been shown to be an alien the presumption arises that that condition continues until it is shown to no longer exist. 2 C. J. 1045, § 4. But where election judges have permitted a foreign-born person to vote, there is a presumption in favor of the legality of such conduct sufficient to overcome the presumption of alienage arising from the first presumption, and the party challenging the vote must prove more than merely that the voter was foreign-born. The trial court should have overruled this challenge. McCrory on Elections (4th Ed.) § 467. Rule 14 of common-law rules of evidence (see Vernon's Ann. Civ. St. art. 3713). The assignment is sustained. Under similar facts and for the same reasons, assignments 6, 7, 10, and 14 are sustained.

In his fifth assignment of error appellant complains of the trial court's action in sustaining appellee's challenge to the vote of Sidney Terry. The evidence shows he was born in England, came to this country when quite small, returned to England in 1920, resided there until 1930, at which time he returned to the United States; was permitted to enter here under bond, and is still under that bond. He took out his first papers in 1930, but has not yet completed his naturalization. He testified that his mother told him he had been naturalized when a child. The court properly sustained this challenge, and the assignment is overruled.

In his ninth assignment of error appellant complains of the action of the court in not sustaining the challenge of appellant to the vote of Victoria Amays. An examination of this ballot disclosed that a line had been drawn through the name of the office. In other words, through "For County Judge." The trial judge, after an examination of this ballot, counted it for appellee. In this we find no error. The assignment is overruled.

In his eleventh assignment of error appellant complains of the trial court's action in finding that Carolina Alvera was a legal voter. The evidence was insufficient to show that she was an alien, and the court properly counted her vote. The assignment is overruled.

In his twelfth assignment of error appellant complains of the trial court's action in finding that the voter Ana J. Garcia was an American citizen and a legal voter. The evidence was insufficient to show her to be an alien; this burden being upon the challenger of the vote. We find no error in the conduct of the trial court in overruling this challenge. The assignment is overruled.

In his fifteenth and sixteenth assignments of error appellant complains of the court's action in holding that Ambrose Taylor and his wife, Victoria Taylor, had not been residents of Kinney county for six months next preceding the election, and were not legal voters. The evidence is sufficient to support this finding, and the assignments are overruled.

In his seventeenth assignment of error appellant complains of the court's action in finding that Bonnie Salmon had not been a resident of Kinney county for six months next preceding the election. This finding is supported by the evidence, and the assignment is overruled.

In his eighteenth and nineteenth assignments of error appellant complains of the action of the trial judge in finding that Otto W. Stadler and wife, Mrs. Annie Stadler, had not been residents of Kinney county for six months next preceding the election. This finding is supported by the evidence, and the assignments are overruled.

In his twentieth and twenty-first assignments of error appellant complains of the action of the trial court in finding that Tom Gillespie and Mrs. Tom Gillespie had not resided in Kinney county for six months next preceding the election and were not legal voters. These findings are supported by the evidence, and the assignments are overruled.

In his twenty-second assignment of error appellant complains of the court's action in finding that Harry Sims was not a resident of precinct No. 2, of Kinney county, in which precinct he voted. This finding of the court

was supported by the evidence. We overrule the assignment.

In his twenty-third and twenty-fourth assignments of error appellant complains of the trial court's action in finding that Ed. Casey and wife, Martha Casey, were not residents of precinct No. 5, in which precinct they voted. This finding is supported by the evidence. The assignment is overruled.

In his twenty-fifth assignment of error appellant complains of the trial court's action in finding that Cerilla Ward had not been a resident of Kinney county for six months next preceding the election. This finding is supported by the evidence. The assignment is overruled.

In his twenty-sixth assignment of error appellant complains of the trial court's action in finding that Julius Kartes had not been a resident of Kinney county for six months next preceding the election. This finding is supported by the evidence, and the assignment is overruled.

In his twenty-seventh assignment of error appellant complains of the trial court's action in finding that Pete Dimery was a citizen of the United States. The evidence shows that he had acknowledged himself to be an alien and had taken out first papers, but had not completed his naturalization. The evidence was sufficient to show Dimery to be an alien, and the court committed error in this finding. The assignment is sustained.

In his twenty-eighth assignment of error appellant complains of the court's action in finding that Herbert Jackson had not been a resident of Kinney county for six months next preceding the election. This finding is supported by the evidence, and the assignment is overruled.

In his thirtieth assignment of error appellant complains of the trial court's action in finding that J. C. Ayers resided in Uvalde county on the 1st day of January, 1931. That a poll tax was there levied against him, which he did not pay, and that he was therefore not a qualified voter. This finding is supported by the evidence, and the assignment is overruled.

The trial judge found that appellant, Kartes, had received 402 legal votes, and that appellee, Fritter, had received 418 legal votes for the office of county judge of Kinney county.

This court has found that 6 more votes should be deducted from appellee's total, leaving him 412 votes. This leaves Fritter elected by a majority of 10 votes.

The above result renders useless our discussing appellee's cross-assignments of error.

The judgment is affirmed.