W. R. & J. M. CATON v. C. C. JONES AND ANOTHER.

Where property has been attached at the suit of a creditor, a party who sets
up claim to the property as trustee for the payment of the debts generally
of the defendant, and intervened to have his right established, cannot re-
cover without proving that there are other creditors, besides the one attaching.

A Court of Equity will never impede a diligent creditor in the regular pursuit
of his rights, unless it can be shown that some one else has equal rights, or
may be injured by it.

Appeal from Lamar. Tried below before Hon. W. S. Todd.

The appellants commenced suit against C. C. Jones on a
promissory note, and sued out an attachment against his pro-
perty, which was duly levied on. Wright, one of the appel-
lees, intervened, claiming to hold the property by deed from
Jones, as trustee, to pay his debts generally. Appellants
moved to strike out this plea, which the Court overruled.

On the trial, the intervenor introduced in evidence the deed
from Jones, but omitted to prove that there were other credi-
tors besides appellants.

There was a verdict and judgment for the intervenor for
the proceeds of the property levied on, and against Jones for
the debt.

*J. A. N. Murray*, for appellant.

*Dillahunty & Wright*, for appellees.

ROBERTS, J. The petition of the trustee for intervention
states that there were other creditors of Jones besides Caton &
Caton, who had attached the trust property, the proceeds of

which, Moseley prayed, should be decreed to him to permit him to carry out the trust. On the trial this important fact was not proved. It was important in this case, because the deed of trust did not show who were creditors ; and because Moseley did not avail himself of his legal remedies, (when the attachment was levied, and the property taken out of his hands,) by a direct suit for it, or by taking the oath and giving bond, necessary to make a direct claim to the property. Avoiding such responsibilities, as he must have incurred, by a direct assertion of his legal rights, he sought the equitable interposition of the Court in his behalf. He neglected to place himself in a position to claim his remedy as matter of right, and could only claim it on equitable grounds. A Court of Equity will never impede the diligent creditor in the regular pursuit of his rights, unless it can be shown that some one else has equal rights, or may be injured by it ; which was not attempted in this case. Moseley claimed no interest in the property himself, except for the purpose of paying Jones' debts generally ; and he did not show that there were any other such debts as alleged. It was not to be expected that the attaching creditor would assume to prove a negative, that there were none such.

If there were no other debts, this was a useless interference, which a Court of Equity will not aid.

Judgment reversed and cause remanded.

Reversed and remanded.