HENRY M. BLACK V. B. C. DRURY.

If a plea be good on general demurrer, and will sustain a verdict and judgment, testimony offered in support of it, should be received.

Under our system, great liberality is indulged in favor of pleading, to which special exception is not taken. General statements of fact and legal conclusions, will not vitiate a plea, on general demurrer.

Evidence should be received to sustain a plea of reconvention for damages in an attachment suit, although it does not negative the allegations in the plaintiff's affidavit, except by averment of the "legal conclusion," that the attachment was wrongfully sued out.

APPEAL from McLennan. Tried below before the Hon. John Gregg.

B. C. Drury, the appellee, commenced this suit for the recovery of $4170, alleged to be due him by Henry M. Black, the appellant. At the time of filing the petition, he made oath to the truth of the facts stated in it; that the defendant was about to transfer his property, for the purpose of defrauding his creditors, and that an attachment was not sued out for the purpose of injuring the defendant. Writs of attachment were issued to several different counties, and levied upon a considerable amount of property.

The defendant answered, "that the plaintiff wrongfully sued out an attachment, and had the same levied upon a large amount of property belonging to this defendant, which property consisted mainly of horses, in constant service in carrying the United States mail, according to the contract of this defendant with the United States government, by which said levy and seizure under said attachment, this defendant failed, in several instances, to carry said mail, as he was bound to do; by which failure he has been subject to various heavy fines by said government; and otherwise, by said seizure, he has been greatly troubled, and damaged in the sum of $10,000, which sum he pleads in reconvention," &c.

There was no exception taken to this plea by the plaintiff, but upon the trial of the cause, on the defendant's offering tes-

timony to sustain it, he objected to the evidence, "upon the ground that said plea did not admit of such evidence;" his objection was sustained by the court, and all of the testimony offered by the defendant, under the said plea, was excluded; to which ruling of the court, the defendant excepted. There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Harrison & Earle*, for the appellant.—The language of the statute (O. & W. Dig., Art. 18,) is followed in the plea. This would be sufficiently explicit in an indictment, and it is not perceived why it should not be, in a plea of reconvention for general damages. (State v. Warren, 13 Texas Rep. 46.)

It is, therefore, believed, that the averments of the defendant's plea, though general in terms, were sufficient to admit the evidence offered. Exceptions should have been taken to the plea, before announcement for trial. Defects of pleading waived by the parties, should not be used, where amendment is impossible, as a means of excluding evidence appropriate to the case ; such a practice would often defeat justice, and should not be encouraged by any court. (Williams and another v. Bailes, 9 Texas Rep. 61; Carolan v. Jefferson, *ante*, p. 229.)

*Richard Coke*, for the appellee.—The plea in reconvention is manifestly insufficient in law, and not susceptible of proof, under the legal rules recognised by this court. It does not traverse the allegations of the affidavit. It does not deny that the defendant was about to transfer his property for the purpose of defrauding his creditors, as was averred in the affidavit for the attachment, and that thereby the plaintiff would probably lose his debt. It does not deny the averment of the affidavit, that this attachment was not sued out for the purpose of injuring the defendant. It was necessary to deny these averments, and sustain that denial with proof, before the *legal conclusion* could be arrived at, that the attachment was "wrongfully sued out." Instead of denying these averments of the affidavit, this plea

simply avers *the legal conclusion* which the court and jury should draw, after allegation and proof of the facts, and omits to allege any of the facts from which this conclusion is drawn, and not being alleged, it is insisted that proof of them was inadmissible. (Mims v. Mitchell, 1 Texas Rep. 443; Keeble v. Black, 4 Id. 69.)

If the facts sworn to in the affidavit for the attachment, were in fact untrue, whether the plaintiff believed them to be true or not, the defendant, under proper averments and proof, would be entitled to recover the damages actually sustained; but if the plaintiff is shown to have acted oppressively and maliciously, and to have had no probable cause to believe them true, then the defendant would have been entitled to vindictive damages. Such is believed to be the law on this question. (Schrimpf v. McArdle, 13 Texas Rep. 368; Monroe v. Watson, 17 Id. 625.)

But the foundation of the action, in both cases, is, that the attachment has been sued out without cause, *i. e.*, that the affidavit is untrue; for if that were true, there would be good cause. (Walcott v. Hendrick, 6 Texas Rep. 407; Sayles' Practice, Art. 309, p. 219, 220.) Then, the defendant having failed in his plea, to allege that which is the foundation of the right he claims, his evidence was properly rejected. (Mims v. Mitchell, 1 Texas Rep. 443.)

ROBERTS, J.—The question in this case, is, whether or not, the plea of reconvention was sufficient to authorize the admission of any evidence offered in support of it. This is a mode of testing the sufficiency of pleading, which must be entertained with great caution; for it is adopted at a stage of the trial, when all opportunity of amending the pleading, if defective, is lost. The substantial rights of a party may thereby be lost forever, by the unskilfulness, or even inadvertence of the pleader. A party announces himself ready for trial, upon a plea which seeks to present a meritorious defence. No objection has been taken to it, and he is apprised for the first time, that its sufficiency is contested, by an objection to his evidence. The unskilful or

negligent practitioner is thus entrapped, without being in a position, to attach any blame to his antagonist for the predicament in which he finds himself placed. If his plea is really defective, he cannot complain that the opposite party has not aided him, by excepting and pointing out the defect, at a time when he could have cured it, by an amendment of the plea.

On the other hand, the party who seeks such an advantage, by not excepting to the plea, but by objecting to the admission of the evidence under it, must expect that the plea will be taken and understood in its full force against him. He has waived the right of making special exceptions to it. If it be good on general demurrer, and will sustain a verdict and judgment rendered upon it, his objection cannot prevail.

The plea states, that a writ of attachment was wrongfully sued out by plaintiff; that it was levied upon a large amount of property, consisting mainly of horses, engaged in carrying the mail, and that by their seizure, he had incurred fines, imposed by the United States government for failures to carry the mail, and that otherwise he has been greatly troubled, and damaged in the sum of $10,000, which he pleads in reconvention.

If these facts be true, as stated, the defendant had a cause of action. They are stated generally, and had the plaintiff specially excepted to that mode of statement, the plea must have been held bad.

It is contended, that this plea should have negatived the allegations of the affidavit, made by plaintiff, to procure the attachment, from which the "legal conclusion" would follow, that the writ had been wrongfully sued out, and not having done so, it was bad. Under our system of pleading, great liberality has uniformly been indulged in favor of pleading, where no special exceptions have been made. General statements of fact, and legal conclusions, constituting parts of a plea, have not been held to vitiate it upon general demurrer. This has long been the ruling of this court, when the question has been directly presented for adjudication. The admissibility of evidence under such pleading, was maintained in the case of Stiles

v. Giddens, 21 Texas Rep. 783. We are of opinion, that the court erred in excluding the evidence offered in support of the plea.

Judgment reversed and remanded.