No. 5368.

W H. KELLOGG & CO. ET AL. *v.* FRED MULLER ET AL.

1. ASSIGNMENT.—The obvious effect of a clause in an assignment for the benefit of creditors, which authorizes sales upon credit, is to delay cred- itors, and hence such a clause is regarded as a badge of fraud. If, how- ever, the assignment authorizes a sale of the goods, furniture and book accounts, "converting the same into cash or its equivalent," such a clause can not be construed as having the effect to produce such delay; it is not a badge of fraud; but if it were, a court would not be authorized to hold. the deed void on its face.

2. DEED OF ASSIGNMENT.—Though a deed of assignment is void which names none of the beneficiaries, yet such a compliance with the rule re- quiring them to be named as the circumstances surrounding the assignor at the time of executing the deed will permit is all that the law requires. Hence a deed which mentions by name the creditors who are embraced by it in class No. 1 and class No. 2, and which proceeds to recite that if there be other creditors who have been forgotten whose claims are just, they shall be embraced in class No. 2, was held sufficient. This case distin- guished from Caton v. Moseley, 25 Texas, 374.

3. ATTACHMENT—EVIDENCE.—An attaching creditor claiming the proceeds of the debtor's property, which had been conveyed by valid assignment for the benefit of named creditors, must show that the claims enumerated in the deed of assignment have been paid, in order to subject the fund in the hands of the assignee to the satisfaction of his debt.

4. JUDGMENT—ATTORNEY'S FEES.—It is error to render judgment for attorney's fees against the obligors on a sheriff's bond of indemnity, executed to secure him against damages in levying an attachment, before there has been default on their part to pay the final judgment rendered in the cause; nor can they be made liable for an expense which the sheriff was not required to incur for his own protection.

APPEAL from Grayson.    Tried below before the Hon. Richard Maltbie.

*T. J. Brown* and *Bryant & Dillard,* for appellants, on the proposition that the court erred in overruling appellants' first exception in their first supplemental answer, because said deed of assignment authorized said assignee to sell on credit, and was void, cited Carlton v. Baldwin, 22 Texas, 724; Meacham v. Sternes, 9 Paige's Chancery, 398; Barney v. Griffin, 2 New York, 365; Brigham v. Tillinghast, 13 New York, 215.

On their proposition that the court erred in overruling their (the appellants') second exception contained in their first supplemental answer, because the deed of assignment does not fix the rights of all the creditors, they cited Caton v. Mosely, 25 Texas, 374; Burrell on Assignment, section 315, 318; Spence v. Bagwell, 6 Gratt., 444; Mitchell v. Stiles, 13 Pennsylvania State, 306.

That the defendants, Kellogg & Co., were not liable under their bond and the law, to pay the attorneys's fees incurred by the defendant Everhart, they cited Oelrichs v. Spain, 15 Wallace, 211; Paschal's Digest, article 151; Willson v. McEvoy, 25 California, 170; Turner v. Miller, 42 Texas, 418.

*W. W. Wilkins,* for appellees, cited Nave v. Britton, 61 Texas, 572; Thomas et al. v. Chapman, 62 Texas, 193; Dwight v. Overton, 35 Texas, 390.

GAINES, ASSOCIATE JUSTICE.    One Porter made a deed of assignment to appellee, Muller, for the benefit of creditors.    This was before the act of 1879, concerning assignments, went into effect. Appellants sued out a writ of attachment against Porter and caused it to be levied upon a portion of a stock of goods which had been conveyed by the deed.    Muller brought this action

against appellants and against W. C. Everhart, the sheriff who made the levy, and the sureties on his official bond, to recover damages for seizure.    Everhart and his sureties pleaded that before the levy he had demanded and received of appellants a bond of indemnity, and asked judgment over against them in the event the plaintiff recovered.

The jury found for the plaintiff, Muller, against all the defendants, and in favor of Everhart and his sureties against appellants for the amount of the verdict in favor of plaintiff and one hundred dollars as his attorney's fees.

Appellants excepted to the petition on the ground that the deed of assignment (which was made an exhibit thereto) was void upon its face.    The exceptions were overruled by the court, and this ruling has been assigned as error.

The first exception to the deed is that it authorized the assignee to sell the property assigned on a credit, and is, therefore, void.

The provision to which we are cited in support of the exception is as follows:    "That so soon as said inventory is complete, the said Frederick Muller, as such trustee aforesaid, shall thereafter, with all reasonable dispatch, proceed to sell and dispose of said goods, wares, and merchandise, and furniture, and collect said book accounts and bills receivable, converting the same into cash or its equivalent."

It may be doubted if this can be construed to empower the assignee to sell for anything but money.    The meaning of the provision is not clear.    It is not easy to conceive what is intended to be embraced by the use of the word "its equivalent."    But to be equivalent to cash must be something commercially as good as cash, or as we take it, something that could be readily converted into money at a fixed price.    The grant of power to an assignee to sell on credit, has been declared a badge of fraud. (Carlton v. Baldwin, 22 Texas, 724.)    It is so held mainly upon the ground, that its obvious effect being to unnecessarily delay the creditors, it tends strongly to create the presumption that such was the leading object of the assignment.    By no reasonable construction can the power in the deed before us be held to have this effect, and hence we do not think it can be considered even an evidence of fraud.    But, however this may be, even if a badge of fraud, it is not sufficient to authorize the court to hold the deed void upon its face. (Baldwin v. Peet, 22 Texas, 708.)

The second ground of exception was to the effect that the deed was void upon its face because it did not fix the rights of

the creditors, "but leaves it in the power of the assignor and assignee to declare who are creditors."    Schedule B, accompanying the deed, gives a list of the creditors in two classes—Class one being the preferred creditors, and class two being those who were not preferred.  The instrument also contains the following provision:

"And should the said party of the second part have omitted or forgotten any creditor, and his claim is just and correct, he shall share alike with those in schedule B, class 2, not preferred."

The rule is that a deed of assignment, in order to be valid, must point out the beneficiaries, and it has been decided by this court that a conveyance of this character, which purported to be for the benefit of the creditors of the assignees generally, without naming any of them, is void.  (Caton v. Moseley, 25 Texas, 375.)  But a reasonable compliance with the rule—such a compliance as the circumstances of the case may admit of—is all that is required.  In Nave v. Britton, 61 Texas, 572, it was held that it was sufficient if the names of the creditors were specified, although the amounts of their respective claims were not stated.    In the deed of assignment under consideration, the names of both classes of creditors, with the amount due each creditor, is stated with particularity, as far as they were remembered, and it would seem that out of an abundance of caution, in order that no creditor should be deprived of a participation in the assets, if there was more than enough to pay the preferred claims, the provision was made that any creditor whose name had been omitted should share with those of the second class.

This is materially different from the case of Caton v. Moseley, supra, in which the payment of the creditors was provided for generally, without naming any of them, and without pointing out any method by which the debts of the assignor could be ascertained.    If we do not misconstrue the statement of the reporter in the case of Van Hook v. Walton, 28 Texas, 59, the deed of assignment, which was upheld in that case as being good upon its face, contained a similar provision for the participation of such of the creditors of the assignor as had not been named in the schedules.    This must be deemed as establishing an authoritative rule of property and is decisive of the question now before us.    (See also Ward v. Tingley, 4 Sandf. Ch., 476.)

It is complained in the sixth assignment that "the court erred in refusing the third charge asked by the defendant, because the evidence showed that all of the preferred creditors had been

paid, and did not show that any of the non-preferred creditors had accepted the assignment."

But the statement in appellant's brief, submitted in support of the proposition, shows that the debt due Focke & Wilkens was two thousand dollars, and that they had been paid only one thousand three hundred dollars. It seems that no evidence was adduced upon either side to show whether the creditors who were not preferred had been paid or not. If all the debts provided for in the deed of assignment had been discharged, then the property, reverted to the assignor, and was subject to attachment at the suit of appellants. But we think the burden was upon appellants to show a satisfaction of the debts, if, in fact, they had been paid. In Caton v. Jones, 21 Texas, 788, the property attempted to be assigned was attached at the suit of a creditor and the assignee intervened and alleged that there were other creditors, beside the plaintiff, who had attached, but failed to prove this fact upon the trial. The court held that because he was asking equitable relief he should have shown the existence of other creditors as alleged. The deed of assignment in that case was the same which was subsequently passed on in Caton v. Moseley, supra, and did not give the names of the creditors or in any manner show what debts were owed by the assignor. In the case before us, the names of numerous creditors were given and their debts specified, and it was certainly incumbent upon appellants to prove the payment of the claims of those who had been named, in order to hold the proceeds of the property as against an assignee claiming under a valid assignment.

We find no error in the judgment in favor of plaintiffs against the defendants. But we think the court erred in charging the jury to find in favor of defendant Everhart and his sureties against appellants for their attorney's fees. It may be that, all the parties being before the court, the sheriff had a right to demand a judgment against appellants as obligors on the indemnity bond in case the plaintiff succeeded in his suit, so that he would have prompt means of indemnity at hand, "and thereby save himself the necessity of advance and payment out of his own funds." (See Pope v. Hays, 19 Texas, 375.) And it may be that after judgment against a sheriff, which the obligors on his indemnity bond have failed to discharge after notice, he would have the right to recover of them a reasonable fee for the attorney who brought the action for him.

This point we are not called upon to decide. Here there has been no breach of the bond. We can not see that appellants could be in default until they had failed to pay the judgment after a final determination of the suit in the court of the last resort. They ought not to be made to pay an expense the sheriff was not required to incur for his own protection. They could not discharge their obligation until his liability had been fixed; and hence we conclude they can not be held liable for his attorney's fees in this action.

The verdict of the jury shows a separate finding in favor of Everhart against appellants for the attorney's fees. The judgment will accordingly be reversed and reformed so as to give him a recovery against them to the amount of plaintiff's judgment and no more. Appellants will be adjudged to pay one-half the costs of this appeal, and appellees, Everhart and his sureties, the other half.

*Reversed and reformed.*