The plaintiff is a corporation maintaining and conducting as a religious denomination a college in the city of Wilson under the auspices of the Association of Churches in North Carolina, known as The North Carolina Christian Missionary Convention. With a view to obtaining a substantial endowment for the college the Convention appointed a campaign committee and instructed them to take such steps as their judgment approved for obtaining a substantial permanent endowment. J. W. Hines was a member of the committee. On 3 February, 1927, he made the conditional pledge of a gift to the endowment fund "if and when" the plaintiff complied with the condition which he imposed. The appeal presents for decision the single question whether the plaintiff complied with the condition.
At the hearing Judge Cowper found the facts to be as follows:
1. The plaintiff herein is an eleemosynary corporation, conducting a Grade "A" College at Wilson, N.C. under the auspices of the North Carolina Christian Missionary Convention, a religious denomination of which J. W. Hines, late of Nash County, North Carolina, was a member.
2. J. W. Hines died on or about 13 March, 1928, and the defendants herein, J. W. Hines, J. C. Braswell, and North Carolina Bank and Trust Company, are the executors of his last will and testament.
3. The North Carolina Christian Missionary Convention, at a special meeting held in the town of Greenville, North Carolina, in 1926 appointed a committee known as the campaign committee, to have charge of, on the part of said Convention, the raising for the Atlantic Christian College of a substantial permanent endowment fund.
J. W. Hines was a member of the committee. On 25 October, 1926, the committee entered into a contract with the board of education of the Disciples of Christ (department of endowments) to obtain the services of the board of education of the Disciples of Christ (department of endowments) to assist the committee in obtaining for Atlantic Christian College a substantial permanent endowment fund. This contract contemplated the appointment of a campaign committee by the executive committee of Atlantic Christian College.
Mr. Hines, who was a member of the board of trustees of the college, and a member of its executive committee, was by the said executive committee appointed a member of this campaign committee, which was thereafter known as the crusade committee. Monthly reports of the progress of the effort to raise the endowment were made to the crusade committee thus appointed and this committee passed upon, received and accepted for the college the funds and securities as contemplated by the contract obtained in the campaign, and paid from the funds of the college the expenses incident to the campaign, including the commission thereon. *Page 624 
4. Subscriptions to the endowment fund of Atlantic Christian College reported by the board of education of the Disciples of Christ to the crusade committee at meetings of the said committee, held between 3 February, 1927, and 11 July, 1927, and accepted by the committee, aggregated $211,219.75, exclusive of the subscription of Mr. Hines. He was present at and participated in the deliberations and acts, and personally approved with said committee the progress of the campaign, the payment of the expenses and the payment of the service charges or commissions on gifts and donations, including the payment of one-half of one per cent service charge on the subscription of $100,000 made by the said J. W. Hines.
5. On 3 February, 1927, at the time of the beginning of the campaign under the contract with the board of education of the Disciples of Christ, J. W. Hines made a conditional pledge to the endowment fund of the college, which was in the following words, to wit:
"Wilson, North Carolina, 3 February, 1927.
I will give to Atlantic Christian College five-eighths (5/8) of the capital stock of the Greenville Ice and Coal Company, or if I sell the property, I will give securities arising from the sale of said property up to the amount of one hundred thousand dollars ($100,000) upon the following conditions, to wit:
(1) If and when Atlantic Christian College secured other endowment of two hundred thousand dollars ($200,000) net, cash or securities equivalent to cash, said endowment to be in addition to all endowment the college has as of 1 January, 1927.
(2) Said additional endowment shall have been secured by 1 January, 1930.
(3) If the above conditions are not complied with by 1 January, 1930, then my proposition is void.
(Signed) J. W. HINES."
6. Subsequent to 3 February, 1927, and prior to 31 December, 1929, donations and gifts to its permanent endowment fund were received by the Atlantic Christian College as contemplated in its contract with the board of education of the Disciples of Christ, consisting of cash, stock, bonds, promissory notes, estate notes, pledges for the payment of cash, and other securities, exclusive of the $100,000 conditionally pledged by J. W. Hines, in the aggregate amount of $239,952.34; and the true value and worth of the securities aggregating the said sum of $239,952.34 was, on 1 January, 1930, in excess of $200,000. The value of the securities is found, as a fact, to be in excess of $200,000 by the court, from the evidence before the court as well as from the complaint and answer. *Page 625 
7. On 16 July, 1928, the executors of the last will and testament of J. W. Hines found it desirable and advantageous that the five-eighths interest of the Greenville Ice and Coal Company conditionally given to the Atlantic Christian College, should be administered by some person as trustee for both the college and the executors of Mr. Hines' will, with full power of sale and disposition on the part of the said trustee, and the parties hereto agreed that the same should be transferred to F. P. Spruill, trustee, for the plaintiff herein and the defendants herein, to hold the same or make a sale thereof, and in the event that a sale should be made, that the proceeds thereof should be delivered to Atlantic Christian College under the terms of the contract between J. W. Hines, deceased, and the college, or if the said contract had not been complied with, to deliver the same to the executors of the last will and testament of J. W. Hines.
The trustee sold the five-eighths interest of the Greenville Ice and Coal Company, and received therefor the sum of $100,000, which was by him invested in bonds of the United States of America, and the said bonds are now in the possession of the said F. P. Spruill, trustee, who holds the same as stakeholder. He has filed an appearance herein as appears from the record, stating that he will deliver the bonds in accordance with the judgment of this court.
Upon these facts the following judgment was rendered:
"Upon the foregoing facts, found from the pleadings and the evidence before the court, the court is of the opinion that the Atlantic Christian College, plaintiff herein, is entitled to receive from F. P. Spruill, trustee, discharged from any right, or rightful claim of the executors of the last will and testament of J. W. Hines thereto, the bonds of the United States of America aggregating $100,000, now in the possession of the said F. P. Spruill, trustee, arising from the sale of the five-eighths interest of J. W. Hines in the Greenville Ice and Coal Company; the plaintiff having complied with the terms of the subscription made by J. W. Hines to the Atlantic Christian College under date of 3 February, 1927.
Thereupon, by the court, it is ordered, considered, adjudged and decreed that F. P. Spruill, trustee, deliver to Atlantic Christian College the securities in his possession, to wit:
Bonds of the united States of America of the face value of $100,000, with the dividends accrued since 1 January, 1930, arising from the sale of the five-eighths interest of the late J. W. Hines in the Greenville Ice and Coal Company, freed and discharged of any claim thereto on the part of the executors of the last will and testament of J. W. Hines, the defendants herein, less the premium of $1,468.75 paid in the purchase of said bonds by the executors of the last will and testament of J. W. *Page 626 
Hines, and as to that amount, said Spruill, trustee, shall reserve from interest coupons a sufficient amount to pay, and he is directed to pay, to the executors of the Hines' will the amount of said premium.
This judgment shall be and constitute a voucher on the part of the executors in their administration of the estate of J. W. Hines for the disposition of the interest of J. W. Hines in the Greenville Ice and Coal Company, and the proceeds arising therefrom by his executors subsequent to his death, and a perpetual bar to any other recovery from F. P. Spruill, trustee, on account of the same."
The defendants excepted and appealed.
It may be seen by reference to the paper signed by J. W. Hines on 3 February, 1927, that his gift to the plaintiff of five-eighths of the capital stock of the Greenville Ice and Coal Company, or of securities in the sum of $100,000, was made dependent upon the precedent condition that the plaintiff should secure by 1 January, 1930, additional endowment funds in the sum of $200,000 net, in cash, or in securities equivalent to cash. It was incumbent upon the plaintiff to show that it had complied with the condition. The record does not contain a list of the securities and they are not open to our inspection; but the material facts appear in the judgment. Prior to 31 December, 1929, gifts in cash, stocks, bonds, promissory notes, estate notes, pledges for the payment of cash, and other securities, exclusive of the $100,000 conditionally pledged by J. W. Hines, aggregating $239,952.34 were received for the permanent endowment fund; and upon an examination of these securities the defendants valued them "at $200,000 or above." It is admitted that friends of the plaintiff executed promissory notes in the net amount of $26,310.71, all of which were solvent, as a guaranty that the plaintiff would receive from the securities mentioned the net sum of $200,000.
Are these securities "equivalent to cash" within the meaning of the testator's conditional gift to the plaintiff? One thing is equivalent to another when it is equal in value, force, meaning, or the like; when it is equal so far as concerns the matter under consideration (New Standard Dictionary), or equal in worth or value, power, defect, import, and the like. Webster's International Dictionary. Under the terms of the contract in Hassard-Short v. Hardison, 117 N.C. 61 — the plaintiff was to pay the defendant "in cash or its equivalent," and this Court held that these words, without further explanation, meant "anything besides money that defendants might agree to take." The phrase has been construed *Page 627 
to signify "something commercially as good as cash, or something that could readily be converted into cash at a fixed price." Kellogg v. Muller,68 Tex. 182, 4 S.W. 361. In Robinson v. Noble, 8 Pet. (U.S.), 181, 196,8 Law Ed., 910, it was held that an agreement to make payment in bank paper "or its equivalent" imposed the duty of making payment in any other notes of equal value.
In the case before us the plaintiff alleged in its complaint and the defendants admitted in their answer that a reputable bank in North Carolina with a strong financial connection and ample ability to perform its contracts has offered to lend the plaintiff $200,000 upon a pledge of the securities; and the trial judge found as a fact from the evidence before him and from the admission of the parties that the value of the securities is in excess of two hundred thousand dollars. The admissions of the parties and the facts set out in the judgment, which we do not review, lead to the conclusion that the securities in question are not only equal in value to $200,000, but are presently available to the plaintiff through the proposed loan. If of equal value and presently available, they are "equivalent to cash" within the terms of the testator's gift. The judgment is
Affirmed.