### WITT v. McCROHAN.
### No. 3890.

Court of Civil Appeals of Texas. Amarillo.
March 22, 1933.

Reynolds & Heare, of Shamrock, for appellant.

Sanders & Scott, of Amarillo, for appellee.

MARTIN, Justice.

Appellee filed suit against appellant upon five vendor's lien notes and for foreclosure of his vendor's lien on a section of land in Wheeler county.

The substance and effect of appellant's answer was that appellee had agreed in writing to purchase the section of land against which foreclosure proceedings were filed for a total consideration of $5,120, the notes sued on, amounting in the aggregate to $2,900, to be canceled, the remainder of the consideration to be paid "in cash or its equivalent." Abstract of title showing merchantable title was to be furnished to said land and the deal closed on or before thirty days. The contract was dated the 11th day of March, 1931. Appellant further alleged that "the term 'or its equivalent' was then and there agreed upon by the parties to said contract to mean that the plaintiff G. O. McCrohan would, if the cash were not paid, execute and deliver to the defendant his three vendor's lien notes in equal amounts in the aggregate amount of the balance of the consideration recited, said notes to be due on or before one, two and three years after date respectively," etc. He alleged compliance with all of its terms and asked for its specific performance.

To this appellee replied, in substance and effect, that the contract of sale pleaded by appellant was a simulated one and made and entered into for the accommodation of and at the request of appellant for the purpose of terminating a lease on same which had been made subject to sale and to enable appellant to obtain and deliver possession to a purchaser.

The court submitted the following issues to the jury:

"Question 1. Do you find that the plaintiff, McCrohan, entered into the sales contract introduced in evidence in this case at the request of the defendant, Witt, and as an accommodation to him, Witt, in order that he, Witt, might use said contract in consummating the sale of said land to one Bailey?" Answer: "No."

"Question 4. At the time of the execution of the sales contract introduced in evidence, was it agreed by and between McCrohan and Witt that the term 'or its equivalent,' as used in such contract should mean that the plaintiff, McCrohan, would, if the cash was not paid, execute and deliver to Witt his three vendor's lien notes, in equal amounts, in the aggregate amount of the balance of the consideration for said land?" Answer: "No."

Both parties filed motions for judgment.

That of the appellee was granted. Appellant assigns error to this action of the court and claims that under the findings of the jury and the undisputed evidence he made out his case of specific performance and was entitled to judgment.

■ Appellee contends here that the contract in question cannot be specifically enforced because of the stipulation therein for the payment of a part of the purchase price in cash "or its equivalent."

If the last phrase, unexplained, renders uncertain, indefinite, or ambiguous the portion of the contract pertaining to the consideration, such contention must be sustained. 58 C. J. 937. Appellant attempted to make certain that which was plainly left indefinite and uncertain by pleading and proving that the agreement between himself and appellee as to the phrase "or its equivalent" was that three vendor's lien notes were to be executed and delivered and to be accepted by him as the equivalent of cash. The jury, however, in response to the quoted issue submitting this matter, found against appellant. No other issue was requested and no testimony of extrinsic facts regarding this matter was given in evidence other than that pertaining to the three notes already mentioned. By the terms of the contract appellee had the privilege of paying the equivalent of cash. Of such a term Judge Gaines has said: "The meaning of the provision is not clear. It is not easy to conceive what is intended to be embraced by the use of the words 'its equivalent;' but to be equivalent to cash must be something commercially as good as cash, or, as we take it, something that could readily be converted into cash at a fixed price." Kellogg v. Muller, 68 Tex. 182, 4 S. W. 361, 362. See, also, Hassard-Short v. Hardison, 117 N. C. 60, 23 S. E. 96.

■ What did the parties intend by this stipulation? And have their minds met upon this phase of the contract? Does the use of this phrase leave the matter open for further negotiations and future dispute? Just what kind of a judgment could we enter requiring specific and exact enforcement of this portion of the contract? If the appellee has property which he regards as "the equivalent of cash," will a court of equity, over appellant's objection that it is not such, compel him to take it? The question presented is an original one in Texas in its facts, but we think its solution is plainly indicated by the general rules governing a court of equity in a suit of this nature which we now quote. It will be admitted, of course, that the remedy of specific performance is purely an equitable proceeding and belongs exclusively to the jurisdiction of courts of equity.

■ A greater degree of certainty is required in the terms of a contract which is to be specifically enforced in equity than is necessary in one which is to be made the basis of an action at law for damages. A multitude of authorities on the point under discussion are collated in 65 A. L. R. at page 102.

"It is an elementary principle governing courts of equity in the exercise of this jurisdiction, that a contract will not be specifically enforced unless it is certain in its terms, or can be made certain by reference to such extrinsic facts as may, within the rules of law, be referred to, to ascertain its meaning." Stanton v. Miller, 58 N. Y. 192, 200.

"The contract must be concluded, certain, unambiguous, and upon a valuable consideration * * * and finally it must be capable of specific execution through a decree of the court." Pomeroy's Equity, § 1403.

"The contract must not leave a material and essential term or element for future negotiations and settlement." 58 C. J. p. 940.

"A court of equity will not decree specific performance of a contract which does not fix the price or consideration clearly, definitely, certainly and unambiguously, or provide a way by which it can be fixed with certainty." 58 C. J. 937.

"To make a valid contract both parties must assent to the same thing in the same sense and their minds must meet as to all the terms. If any portion of the proposed terms is not settled or no mode agreed on by which it may be settled, there is no agreement." 13 C. J. 264.

"Any engagement to furnish security of satisfactory character is too indefinite and uncertain for specific performance." Longino v. Webb Press Co., 132 La. 25, 60 So. 707.

And, finally, in Texas it is decided that: "A contract is certain and definite in its terms if it leaves no reasonable doubt as to what the parties intended and no reasonable doubt of the specific thing equity is called upon to have performed." Wilson v. Beaty (Tex. Civ. App.) 211 S. W. 524.

■ These universally recognized principles which control a suit of this character make the conclusion inescapable, in our opinion, that the clause mentioned is of such an uncertain and ambiguous character as to make impossible the entry of a certain, definite, and unambiguous decree capable of enforcement, and the action of the trial court in refusing to attempt it was proper. Particularly is this true where the jury has made a negative response to the issue submitted intended to clarify and make certain the ambiguous portion of the contract.

■ This sufficiently disposes of this appeal. We mention briefly, however, the contention of appellee that appellant did not perform the conditions of his contract and was in default, for which reason he could not legally maintain a suit for its specific performance.

It is elementary that a party in default cannot sue for the specific performance of his contract. Braig v. Frye, 199 Iowa, 184, 199 N. W. 977; 58 C. J. 1161; Beldon v. McColl (Tex. Civ. App.) 21 S.W.(2d) 87.

■ The appellant contracted to deliver an abstract showing merchantable title within thirty days. The contract is dated March 11, 1931. The original abstract which was tendered by appellant has been sent up as a part of the record. This shows to have been certified to on the. 26th day of October, 1931. It was later supplemented and a release of an oil and gas lease is shown in the supplement. This is dated the 15th day of February, 1932. This supplement shows taxes for 1930 and 1931 unpaid. The amount of the 1930 taxes are not shown. Appellee's first amended original petition was filed on January 29, 1932. We think the evidence was amply sufficient to sustain a finding that appellant was in default. No issue was requested of or submitted by the court on this matter. We will here presume it to have been found by the trial court in such way as to support the judgment. This makes it unnecessary to notice the many defects in the title pointed out by appellee and alleged to have the effect of destroying its merchantability.

The judgment is affirmed.