‹9‹9›



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. Ella Mae Murphy, Member
State Board of Hairdressers and Cosmetologists
Austin, Texas

Dear Madam:                    Opinion No. O-2280
                               Re: Construction of Article 734-B,
                               Section 11a of the Penal Code

      This will acknowledge receipt of your letter of April 23, 1940, in which you seek an opinion of this Department upon the questions therein presented. We quote from your letter as follows:

> "We refer to Article 734-B, Section 11a, of the Penal Code of Texas, we quote: '...who shall be registered hairdressers or cosmetologists having had at least three (3) years practical experience and a high school education or the equivalent thereof...'

> "We would appreciate your opinion as to just what this Department may request, of one as to education requirements, who has not completed or graduated from a high school, in other words, what would be considered 'the equivalent thereof?'

> "If a person indicates on their original application filed with this Office that he or she has completed a high school education, would this be sufficient evidence without further substantiation?

> "If a person has held an operator's license for three years, but cannot furnish proof of actual practical experience during the majority of the three years; would he or she be eligible for the instructor's examination?"

      Subsection (a) of Section 11 of Article 734b of the Penal Code is:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"No school of Beauty Culture shall be granted a certificate of registration unless it shall employ and maintain upon its staff a sufficient number of instructors, who shall be registered hairdressers or cosmetologists having had at least three (3) years practical experience and high school education or the equivalent thereof, and said instructors shall be required to pass an examination conducted by the Board of Examiners to determine their fitness as teachers, provided, however, that the examination of teachers shall not be required of persons who have been teaching the practice of hairdressing, or cosmetology for three (3) years prior to the passage of this Act; and shall maintain on its staff one Doctor of Medicine, as a consultant, who shall lecture monthly on sanitation, sterilization and the use of antiseptics consistent with the practical and theoretical requirements as to the classified occupations as provided by this Act, and shall possess apparatus and equipment for the proper and full teaching of all subjects of its curriculum; shall keep a daily record of the attendance of students; maintain regular class and instruction hours, establish grades and hold examinations before issuing diplomas, and shall require a school term of not less than one thousand (1,000) hours to be completed in not less than six (6) months for a complete course of all or a majority of the practices of hairdressing and cosmetology."

We answer your questions in the order in which they appear in your request.

"Equivalent" means equal in value, force, meaning or like; when equal so far as concerns matter under consideration or equal in worth or value, power, defect, import and like. Vol. 1, Words & Phrases, 4th Ser. p. 905. Citing Atlantic Christian College v. Hines, 152 S.E. 797.

The word "equivalent" means equal in value, worth, force, or significance, but meaning to be attached to word in each instance depends upon circumstances. Vol. 2, Words & Phrases, 5th Ser., p. 747. Citing Callahan v. Telpier, 183 Atl. 400.

The use by the Legislature of the term "the equivalent thereof" in the above statute contemplated that an applicant must prove that he or she either graduated from a high school or had acquired, by reason of study and experience, an education of equal value.

Mrs. Ella Mae Murphy, Page 3

The answer to your first question must necessarily depend upon the facts in each individual case to be tested in the light of the above definitions. Your Board has the discretion to make such reasonable requirements for the proof thereof as you see fit.

In answer to your second question, as to whether or not the statement of an applicant that he or she had graduated from a high school would be sufficient in the absence of substantiating facts, we point out that the duty to make proof of such facts rests upon the individual seeking the license. The Board is charged with the duty of passing upon the application filed under the Act and of determining whether or not all requirements of the law have been met. We believe it to rest within the discretion of your Board as to whether you will or will not require additional substantiating evidence. Being charged with the duty of determining the qualifications of the applicant, you are charged with the exercise of a reasonable discretion in the ascertainment of the truth of statements made to you.

The above statute, in providing that instructors shall first pass an examination, establishes certain minimum requirements as a prerequisite to the right to take the examination. One of those requirements is that the applicant be a registered hairdresser or cosmetologist. Another is that the applicant must have had at least three (3) years practical experience.

You state in your third question that the applicant cannot furnish proof of actual practical experience. Such question is therefore answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

LA:PBP

APPROVED MAY 9, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWR
CHAIRMAN